601 P.2d 1320

Dorothea A. BUFFINGTON, a
widow, Appellee,

v.

Jonathan HAAS, dba Jonathan Haas
Realty Company; Jonathan Haas and
Hiroe Haas, his wife, Appellants.

No. 14440.

Supreme Court of Arizona,
En Banc.

Oct. 12, 1979.

David R. Postal, Phoenix, for appellants.

Alvin E. Larson, Phoenix, for appellee.

HAYS, Justice.

This appeal arises out of an action in contract and tort filed against Clements Realty and others. The trial court granted summary judgment on counts II and III of the amended complaint against all defendants. An appeal was filed by defendants Clements Realty, a corporation, Jonathan Haas and Western Surety. Subsequently, pursuant to stipulation, the appeals of all defendants except Haas were dismissed. Thereafter, another stipulation was entered dismissing the claim for punitive damages against Eugene Clements and Clements Realty, Inc. We have jurisdiction by virtue of Arizona Rules of Civil Appellate Procedure, Rule 19(e).

In December of 1973 the plaintiff-appellee, Buffington, entered into an exclusive listing agreement with Clements Realty. The two defendants, Mosier and Westby, handled the transaction on behalf of their designated broker, Eugene Clements.

Thereafter, appellant Haas, a licensed real estate broker, prepared a "purchase contract and receipt" which was an offer of State Investment Corporation to purchase the property which Buffington had listed for sale. Appellant forwarded the offer to Clements Realty and it was taken to the appellee by the real estate agents, Mosier and Westby.

The appellee did not accept the offer as it was, but submitted a counteroffer by writing in longhand on the contract submitted. The counteroffer provided that the contract was not transferable and that if the property was sold prior to payment in full, the full balance came due. The contract was returned to appellant, who secured the approval of State Investment Corporation and returned it to Clements Realty. Thereafter, the sale went into escrow, the escrow was closed and State Investment Corporation commenced making payments pursuant to the contract.

A year or so after the sale was completed, State Investment defaulted on its payments and the appellee, Buffington, discovered that the property had been sold and she had no remedy against the property as security.

In the motion for summary judgment, appellee specifically pleaded that by the terms of the purchase contract prepared by appellant, an agency relationship was established and that appellant breached his fiduciary obligation to appellee in two respects: 1) failure to inform appellant of the need to demand a mortgage to secure the balance of the purchase price; and 2) failure to read the escrow instructions and discover that they differed from the terms of the purchase contract in that they eliminated the assignment of agreement for sale contained in the contract.

As we stated previously, the trial court rendered summary judgment against all defendants but only Jonathan Haas remains in this appeal.

### ISSUES

1. DID AN AGENCY RELATIONSHIP EXIST BETWEEN APPELLANT AND APPELLEE?

2. IF AGENCY DID EXIST, DID APPELLANT BREACH A FIDUCIARY DUTY?

The crucial factor in this appeal is whether an agency relationship existed between the parties. Appellant argues that he acted as agent for neither seller nor buyer and owed no fiduciary obligation to either. It is appellant's contention that he never saw or talked with appellee until after the contract of sale was breached, that he had no written contract of employment as required by A.R.S. § 44–101(7),* and that the purchase contract he prepared, which contained a written promise by the seller (appellee) to pay appellant a commission, did not create an agency because appellee already had an exclusive listing with Clements Realty and thus would have subjected herself to liability for two commissions.

In the usual situation where one real estate broker secures a listing to sell real estate and another broker presents a buyer who makes an offer for the listed property, an agency relationship between the seller and the broker who presents a buyer is not established. *Brean v. North Campbell Professional Building,* 26 Ariz.App. 381, 548 P.2d 1193 (1976).

The "Purchase Contract and Receipt" which was prepared and submitted by the appellant, Haas, obviously was an office form with blanks for the insertion of necessary additional information such as property description, price, terms, place, date, and names of parties. Contained in the body of the contract is the following printed language: "Seller acknowledges that the exclusive listing he signed with this broker is correct in all details."

From the facts before the court on summary judgment, the only listing agreement signed by the appellee was with Clements Realty and not the appellant, Haas. It is uncontroverted in the record that Haas had no contact with the appellee either personally or by telephone until after the transaction was completed. We do not find the creation of an agency by the inclusion of these words in the contract.

We might speculate that Haas used a form which would apply to a situation

* In pertinent part, A.R.S. § 44–101 states:
No action shall be brought in any court in the following cases unless the promise or agreement . . . is in writing and signed by the party to be charged, . . .:

(7) Upon an agreement authorizing or employing an agent or broker to purchase or sell real property, . . . for compensation or a commission.

where he was the listing broker and was himself presenting to his seller an offer from a buyer. This would tend to point out the perils in relying on forms without full understanding of their meaning. We also note that both brokers, Clements and Haas, in their depositions showed general confusion as to what their respective obligations were under the facts of this case.

Appellee further indicates that the last full paragraph of the contract contains a provision for a real estate commission. In the blank provided therefor the figure 7 was inserted. This was the total commission received, one-half of which actually went to Clements Realty and one-half to Haas.

From the foregoing we conclude that there was not an agency relationship between appellant Haas and appellee Buffington. Haas had no obligation to inform the appellee that under the contract she did not retain a security interest in her property. *Morley v. J. Pagel Realty & Ins.*, 27 Ariz. App. 62, 550 P.2d 1104 (1976). He also had no obligation to inform her as to the contents of the escrow instructions.

Reversed and remanded for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.