367 P.2d 248

D. P. SKOUSEN, Appellant,

v.

Mariam NIDY, Appellee.

No. 6950.

Supreme Court of Arizona,

En Banc.

Nov. 29, 1961.

Rehearing Denied Jan. 3, 1962.

Randall & Chatwin, Phoenix, for appellant.

Brown & Brash, Phoenix, for appellee.

BERNSTEIN, Vice Chief Justice.

This was an action to recover damages for personal injuries received by Mariam Nidy (hereinafter called "plaintiff") as a result of alleged indecent assaults inflicted upon her by D. P. Skousen (hereinafter called "defendant"). A trial before a jury resulted in a verdict giving the plaintiff judgment for compensatory and punitive damages. The motions for judgment *non obstante veredicto* and new trial were denied and this appeal followed.

The facts in the light most favorable to sustaining the judgment are: The plaintiff, a woman about sixty-five years of age, was employed by the defendant in September 1955 in the capacity of caretaker of defendant's Kourt Karem Trailer Park in

Phoenix. During the course of such employment the defendant at various times made, with force and violence, indecent assaults upon the plaintiff. Such assaults consisted of the defendant placing his hand upon the private parts of the plaintiff and attempting to seduce her. The plaintiff resisted all such assaults. The defendant admitted that on one occasion he physically pushed the plaintiff. This conduct continued until shortly before the plaintiff was discharged from her employment on March 22, 1957.

■ The defendant has set out eight assignments of error for our consideration. No argument or authority is presented for assignment of error 7 or in support of various subassignments under assignments of error 4, 5, 6 and 8 and therefore they are considered abandoned. Middleton Restaurant Enterprises v. Tovrea Land and Cattle Co., 89 Ariz. 316, 361 P.2d 930 (1961). The remaining assignments of error raise essentially five issues.

The defendant contends that the court erred in permitting the plaintiff to ask the defendant about an act of misconduct which led to the latter's disbarment as an attorney. The defendant argues that while it is permissible to inquire as to the witness' disbarment, it is not permissible to prove the various acts of misconduct which led to the disbarment, and that if such proof is admitted it constitutes prejudicial error.

The specific question propounded to the defendant during cross-examination to which the defendant objects was:

"Q. Have you, or have you not, ever told, written or propounded a falsehood while under oath, either in open court or by an affidavit?

"Mr. Chatwin: I object to this question.

"The Court: He may answer.

"The Witness: Yes.

"Mr. Brown: I have no further questions.

"Mr. Chatwin: That is all."

■ It will be observed that the defendant's objection was a general objection. No specific grounds were given for the trial court to rule on and no further objections were made. We do not consider the alleged error on the admissibility of this evidence since proper objections were not made in the trial court. Jost v. Ross, 82 Ariz. 245, 311 P.2d 840 (1957). Furthermore, we do not consider alleged error upon the admission of evidence when such admission is over objections predicated on grounds other than those interposed in the trial court. Jost v. Ross, supra; Cooper v. Francis, 36 Ariz. 273, 285 P. 271 (1930).

■ Regardless, the question propounded by the plaintiff was proper for purposes of impeachment. In point of time during the

trial, this question occurred during cross-examination of the defendant under the rule. At this point, the fact that the defendant was a disbarred attorney had not been elicited nor was the fact that he had been convicted of a felony in a federal court on the ground of making a false affidavit. A review of the record shows that it was the defendant himself who brought out these latter facts to overcome the impeaching question.

In this case it would have been proper for the plaintiff in attempting to impeach the defendant for truth and veracity and credibility to have gone further in questioning the defendant by showing that he had been convicted of a felony for making a false affidavit. Mong Ming Club v. Tang, 77 Ariz. 63, 266 P.2d 1091 (1954); Sibley v. Jeffreys, 76 Ariz. 340, 264 P.2d 831 (1953); Midkiff v. State, 29 Ariz. 523, 243 P. 601 (1926); Udall, Arizona Law of Evidence, § 67, p. 104.

■ The defendant urges that the court erred in refusing to apply the one year Statute of Limitations in A.R.S. § 12–541 (1956) for the reason that the plaintiff's complaint is couched in seduction. We cannot agree with this contention. The complaint, *inter alia,* alleged:

"That on or about the 1st day of February, 1957, and on other occasions within one year last past, the defendant, D. P. Skousen, with force and vio-lence made indecent assaults upon the plaintiff, and then and there, with the use of force and violence placed his hands upon the private parts of the plaintiff herein, and made efforts to seduce and offend the dignity of the plaintiff herein."

It is not alleged in the complaint that the defendant had intercourse with the plaintiff, on the contrary it is only alleged that he "made efforts to seduce." The mere attempt does not constitute the offense of seduction.

"The generally accepted definition of 'seduction' is that it is the act of a man in enticing a woman to have unlawful intercourse with him by means of persuasion, solicitation, promises, bribes, or other means *without the employment of force."* Van DeVelde v. Colle, 152 A. 645, 646, 8 N.J.Misc. 782 (1930). (Emphasis supplied.)

The complaint states a good cause of action for assault and battery. The trial court was correct in applying the two year statute of limitations in A.R.S. § 12–542 (1956), "for injuries done to the person of another."

Defendant further contends that the trial court erred in permitting plaintiff's counsel to lead his witness on direct examination over the defendant's objections. Upon a careful reading of the record on appeal we find that the trial court in the two specific

instances cited by the defendant sustained his objections. This assignment is wholly without merit.

 The defendant assigns as error the refusal of the trial court to grant his motions for directed verdict, judgment *non obstante veredicto*, new trial and the granting of plaintiff's motion for judgment on the verdict for the reasons that (1) there was no corroborative evidence in support of the plaintiff's allegations, and (2) the verdict was excessive. The defendant does not cite authority nor can we find authority for the proposition that there must be corroborative evidence in a civil assault and battery case; nor can this case be differentiated from the general rule.

■ The defendant asserts that the damages were excessive for the reason that there was no evidence of any damage to the plaintiff. It is the general rule that in actions for personal injuries due to an intentional tort, physical injury need not be sustained. Mental suffering, including shame from the indignities of the acts, is usually considered an injury for which damages may be given. See Boies v. Raynor, 89 Ariz. 257, 361 P.2d 1 (1961). The jury made an award of $3,500 actual damages and $1,500 punitive damages for the plaintiff. We have held that we will declare an award of damages excessive exists only when from the facts the amount at first blush suggests passion or prejudice on the part of the jury. City of Phoenix v. Brown, 88 Ariz. 60, 352 P.2d 754 (1960). After a careful review of the record we do not find that the facts suggest such passion and prejudice.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concurring.