495 P.2d 500

**Ronald C. SONNENBERG and Phyllis Anita. Sonnenberg, husband and wife, Appellants,**

v.

**Paul R. ASHBY and Polly R. Ashby, husband and wife, Appellees.**

**No. 2 CA–CIV 980.**

Court of Appeals of Arizona,
Division 2.
April 12, 1972.
Rehearing Denied May 11, 1972.
Review Denied June 27, 1972.

Ronald C. Sonnenberg, and Phyllis Anita Sonnenberg, in pro. per.

Cavness, De Rose, Senner & Rood, and Amos Culbert, by Barry De Rose, and John W. Rood, Globe, for appellees.

HOWARD, Judge.

Appellees, the plaintiffs below, filed an action in Superior Court to quiet title to certain land located in Gila County, Arizona, and for reformation of the deed. After a six-day trial the court granted judgment in favor of appellees and against appellants, who were the defendants below. Appellants, in propriae personae, appeal from the judgment entered against them.

Although there was a conflict in the evidence, we consider the facts, as we must, in the light most favorable to supporting the judgment of the trial court.

Appellees, hereinafter referred to as the Ashbys, owned land located in Christopher Creek Haven subdivision in Gila County. Appellants, hereinafter referred to as the Sonnenbergs, desired to purchase certain of the property lying along a creek located in the area. The first agreement was for 100 feet of frontage on the creek, however the parties subsequently agreed to include a "pie-shaped" piece of land for a total of 150 feet of frontage. They then executed a written agreement together with a hand-drawn map and sent the same to the title company. The title company wanted a survey made and would not accept the hand-drawn map. The Ashbys then had an 81 year-old surveyor survey the property so that it could be described in the deed by metes and bounds. At the time that the Ashbys asked the surveyor to survey the property involved in this transaction they also asked him to survey a piece of adjacent property for another transaction. Erroneously, the surveyor included the descriptions of the parcels of land involved *in both* transactions in the description he sent to the Ashbys who, in turn, gave the information to the title company which drafted the deed. The Ashbys signed the deed without realizing that it also contained a legal description of the land involved in the other transaction. Although the Sonnenbergs at the trial claimed that when they accepted the deed they knew it contained the land involved in the other transaction, they asserted that it did in fact contain a description of all the land which they had bargained for. The testimony of the Sonnenbergs conflicted with testimony of other witnesses who testified that the Sonnenbergs were only interested in buying a certain amount of property which was clearly definable and which did not involve the property in question.

When the Ashbys discovered what had occurred, they proffered a deed together with the amount of $10 to the Sonnenbergs, which deed quit-claimed to the Ashbys the property at issue in this case. When the Sonnenbergs refused to sign the deed the Ashbys filed this suit.

The Sonnenbergs present the following questions for review: (1) When the proof of false pleading is established by stipulation, did the court err by not applying the clean hands maxim *sua sponte?* (2) Did the trial court err in admitting parol evidence to contradict in verity unambiguous certified legal descriptions contained in the fully performed and recorded Agreement of Sale and Joint Tenancy Deed? (3) Did the trial court abuse its discretion in allowing attorneys' fees to appellees as plaintiffs in this action?

## PROOF OF FALSE PLEADING

■ The Sonnenbergs complain that an allegation in the Ashbys' verified complaint filed in this matter was untrue and that therefore the court, *sua sponte*, should have denied relief to the Ashbys. We do not agree. At a deposition taken of the Ashbys prior to trial, both parties stipulated that the particular allegation in question was not true and further stipulated as to the correction which was accepted by the Sonnenbergs' attorney. The matter complained of was never made an issue at the pretrial nor was it ever an issue at the trial of the action. All objections were waived by failing to raise them in the trial court and the trial court was not obligated to raise the matter *sua sponte*.

## PAROL EVIDENCE

■ The Sonnenbergs complained that the court erred in allowing parol evidence to vary the terms of the deed signed by the Ashbys. The parol evidence rule does not apply to a situation where there was a prior agreement and by reason of mutual mistake of fact instruments have been so framed as to not express the true agreement of the parties. Such evidence is admissible for the purpose of proving the content of the pre-existing express agreement of the parties to the instrument. Chantler v. Wood, 6 Ariz.App. 134, 430 P.

2d 713, supplemented 6 Ariz.App. 325, 432 P.2d 469 (1967).

■ Although the Sonnenbergs contend that they were not mistaken as to the true contents of the deed, there was a conflict of evidence on this point which was resolved by the trial court in favor of the Ashbys. Where mutual mistake is urged as a ground for reformation it must be established by evidence as clear, convincing and satisfactory. Longshaw v. Corbitt, 4 Ariz.App. 408, 420 P.2d 980 (1966). Our review of the evidence indicates that this burden of proof was met.

## ATTORNEYS' FEES

A.R.S. § 12–1103, subsec. B, as amended, provides as follows:

"B. If a party, twenty days prior to bringing the action to quiet title to real property, requests the person, other than the state, holding an apparent adverse interest or right therein to execute a quit claim deed thereto, and also tenders to him five dollars for execution and delivery of the deed, and if such person refuses or neglects to comply, the filing of a disclaimer of interest or right shall not avoid the costs and the court may allow plaintiff, in addition to the ordinary costs, an attorney's fee to be fixed by the court."

■ The Sonnenbergs contend that attorneys' fees should not be awarded in a case where the deed is plain and unambiguous and the plaintiff is relying upon mutual mistake. They have cited no authority for this proposition. The allowance of attorneys' fees in such cases is within the discretion of the trial court and we find no abuse of discretion. *See* Chantler v. Wood, supra.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.