583 P.2d 1356

**Mary L. Beam REMPT, a married woman dealing with her sole and separate property, Appellant,**

v.

**Alexander T. BORGEAS and Serita Beth Borgeas, his wife, and Stewart Title & Trust of Phoenix, an Arizona Corporation, Appellees.**

No. 1 CA–CIV 3673.

Court of Appeals of Arizona,
Division 1,
Department A.

June 8, 1978.

Rehearing Denied July 20, 1978.

Review Denied Sept. 12, 1978.

Carmichael, McClue, Stephens, Mason & Toles, P. C., by Ronald W. Carmichael, Phoenix, for appellant.

John G. Thomas, Scottsdale, for appellees Borgeas.

Lewis & Roca by Paul G. Ulrich, David L. Grounds, Richard W. Bowers, Phoenix, for appellee Stewart Title & Trust of Phoenix.

## OPINION

NELSON, Judge.

Mary L. Rempt, plaintiff below, instituted this action against Dr. Borgeas, defendant below, to quiet title in a 20-foot strip of real property and correspondingly reform a deed of sale. Additionally, she sought recovery from Stewart Title & Trust of Phoenix (Stewart Title) for their alleged negligence in drafting escrow agreements relating to the property. After plaintiff's presentation of her case, both defendants moved for directed verdicts. These motions were granted and this appeal followed.

Prior to the events which led to this action, Mrs. Rempt was the owner of a tract of residential property located near 19th Avenue and Northern in Phoenix. In the spring of 1971, Mrs. Rempt entered negotiations with Dr. Borgeas for the sale of that property. After several months, the parties came to an agreement on price; Mrs. Rempt lowered the price on the parcel when she decided to retain a specified amount of property. The amount of property she was to retain is the matter presently in dispute. Mrs. Rempt has sued for reformation of her contract, alleging mutual mistake. Her testimony was that the parties agreed to have her retain 120 feet of the property for her own uses, 100 feet of usable land, and a 20-foot easement belonging to the City of Phoenix. Disputed evidence essentially indicates that a surveyor was hired initially by Mrs. Rempt, with his fees possibly split between the parties, to survey and give a legal description of the property. He completed two surveys, one more detailed than the other, which according to Mrs. Rempt reflected her intention to retain 120 feet of the property. Mrs. Rempt claims that this survey was the basis of her agreement with Dr. Borgeas. However, the legal description from the survey was never incorporated into the documents

of sale. For this reason Mrs. Rempt claims mutual mistake between her and Dr. Borgeas and negligence on the part of Stewart Title in drafting the agreements.

Dr. Borgeas, however, claims that he agreed to exactly what was written in the contract—Mrs. Rempt's retention of 100 feet. Furthermore, the subsequent history of the survey is an interesting one. The survey was never mentioned in the agreements, nor was it incorporated in the escrow instructions. Finally, the evidence indicates that Dr. Borgeas' attorney drafted the agreements, with Mrs. Rempt's attorney making additions and corrections, and both parties reading and signing the documents.

Plaintiff has presented two issues for this Court's review on appeal:

(1) Did the trial court err in refusing to allow the admission of parol evidence to show mutual mistake at the inception of this contract?

(2) If parol evidence was improperly excluded, did the trial court err in directing a verdict for Dr. Borgeas and for Stewart Title?

This action was tried to a judge without a jury. The plaintiff in the presentation of her case offered the testimony of the surveyor, to whom she apparently explained her wish to retain 120 feet of her property, his survey, and other extrinsic evidence of an alleged mutual mistake. Both defendants strenuously objected to this and other testimony elicited during the presentation of her case on the grounds that it violated the parol evidence rule. See S. H. Kress & Co. v. Evans, 21 Ariz. 442, 189 P. 625 (1920). The trial judge permitted all of her evidence to be provisionally introduced, subject to its exclusion as a violation of the parol evidence rule should he determine the objection to be valid. After all plaintiff's testimony had been heard and the exhibits accepted, the trial judge determined that the parol evidence rule applied and no evidence in violation of that rule would be considered. We believe that this ruling was incorrect.[1]

As to Dr. Borgeas, Mrs. Rempt brought her action on the theory of mutual mistake seeking the remedy of reformation. "[T]he parol evidence rule does not apply to a situation where there was a prior agreement and by reason of mutual mistake of fact, instruments have been so framed as not to express the true agreement of the parties. Such evidence is admissible for the purpose of proving the content of the preexisting express agreement of the parties to the instrument." Chantler v. Wood, 6 Ariz. App. 134, 139, 430 P.2d 713, 718 (1967); see also Sonnenberg v. Ashby, 17 Ariz.App. 60, 495 P.2d 500 (1972). Therefore a witness' testimony regarding her intent is relevant and admissible when such intent is in issue as it was here. Longshaw v. Corbitt, 4 Ariz.App. 408, 420 P.2d 980 (1966). Mrs. Rempt had the right to testify regarding her intent, to show a prior agreement had been reached and the documents did not reflect that agreement. However, it must be noted that the plaintiff's burden is to show by clear and convincing evidence that a mutual mistake existed. City of Scottsdale v. Burke, 19 Ariz.App. 11, 504 P.2d 552 (1972); Sonnenberg v. Ashby, supra. The trial judge in essence decided after hearing all the evidence that no mutual mistake existed and therefore retroactively excluded all the evidence. Although this was an improper application of the parol evidence rule, it was not reversible error as to the judge's disposition of the case.

At the close of the plaintiff's case, both defendants moved for directed verdicts on the grounds that plaintiff had not made out a prima facie case. These were incorrect motions. In a non-jury case, a motion for dismissal for insufficiency of the evidence, under Rule 41(b), Rules of Civil Procedure, 16 A.R.S., takes the place of the motion for a directed verdict in a jury case. See State Bar Committee note to the 1963 amendment of Rule 41(b); Martin v. E. I. duPont De Nemours & Co., Inc., 281 F.2d 801 (3rd Cir. 1960); C. Wright, Handbook of

---

1. This evidence, admissible or not, had no bearing on the alleged liability of Stewart Title.

the Law of Federal Courts § 96 (2d ed. 1970).

Rule 41(b) states:

"41(b) Involuntary dismissal: effect thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

■ Since the trial court in its subsequent action disposing of the case was in complete compliance with the mandates of Rule 41(b), the error in designation of the motions was harmless. Rule 61, Rules of Civil Procedure, 16 A.R.S. *Martin v. E. I. duPont De Nemours & Co., Inc., supra,* concerned a similar error made by a district court. In an action for personal injuries from negligence tried without a jury, defendant moved for a directed verdict at the close of the plaintiff's case. The district court granted the motion, noting that plaintiff's showing could not in any reasonable

view justify a recovery. The Court of Appeals held that the technically correct motion should have been a motion to dismiss under Rule 41(b). Nonetheless, the Court held that styling the motion as a directed verdict was a procedural error that was not harmful to the plaintiff. It therefore affirmed the trial court's judgment. *See also James v. DuBreuil,* 500 F.2d 155 (5th Cir. 1974), where the improper designation was harmless error.

■ In fact, the record and findings of fact and conclusions of law by the court pursuant to Rule 52(a), Rules of Civil Procedure, *supra,* evidence his complete review of the testimony, including the parol evidence which he ostensibly excluded. He found after full consideration of the evidence that no mutual mistake existed, and *thereafter* excluded the "parol" evidence. His findings indicate his consideration and weighing of all the testimony before him in compliance with the mandates of Rule 41(b).

In this event, we must review the trial court's findings pursuant to the standard of review applicable to final judgments on the merits, Rule 41(b), *supra.* Such findings cannot be set aside unless they are clearly erroneous. *Klensin v. City of Tucson,* 10 Ariz.App. 399, 459 P.2d 316 (1969); *Lehman v. Whitehead,* 1 Ariz.App. 355, 403 P.2d 8 (1965).

■ In reviewing the evidence, we find ample support for the trial court's findings of fact. Most importantly, the trial court found no mutual mistake. There is not a shred of evidence to indicate that Dr. Borgeas was at all mistaken about what he was purchasing. Furthermore, both parties were represented by counsel during the transaction. Dr. Borgeas' counsel apparently drafted the agreements and Mrs. Rempt's counsel reviewed and amended them.[2] Under these circumstances, there can be no doubt that the trial court's findings of fact were not clearly erroneous

---

2. Mrs. Rempt's present counsel did not represent her in the negotiations leading up to the execution of the documents in question.

**40**

We therefore hold that although the trial judge ruled erroneously that parol evidence would be inadmissible, it was harmless error, since he weighed all the evidence in reaching his conclusion on the merits. His findings of fact and conclusions of law are clearly supported by the evidence and may not be overturned.

As to Stewart Title, the trial court found no negligence. The most important evidence supporting this finding was the lack of evidence to indicate that Stewart Title drafted any of the agreements. As noted above, Dr. Borgeas' attorney drafted the agreements and Mrs. Rempt's then counsel reviewed and amended them. There is no substantial evidence that Stewart Title knew, or should have known, that the documents were not what they were intended to be. In fact, the only evidence in this regard was Mrs. Rempt's testimony that she took copies of the survey to the escrow officer, who viewed them for a moment and had her take them to Dr. Borgeas' office. There is no evidence that either of the parties ever directed the title company to use a copy of the survey, assuming that a proper description according to Mrs. Rempt's theory could have been gleaned therefrom, in connection with the escrow.

The judgment of the trial court is affirmed.

FROEB, C. J., Division 1, and HAIRE, P. J., concur.