2 P.3d 1266

**Christa JOHNSON, a single woman, Plaintiff–Appellant,**

**v.**

**David PANKRATZ, an individual, Defendant–Appellee.**

**No. 1 CA–CV 99–0431.**

Court of Appeals of Arizona, Division 1, Department E.

May 4, 2000.

Doyle, Appel & Davis, P.C. by Greg R. Davis, Phoenix, for Plaintiff–Appellant.

Alvarez & Gilbert by Donald R. Alvarez, Vonda L. Wilkins, Phoenix, for Defendant–Appellee.

## OPINION

TOCI, Judge.

¶ 1 Christa Johnson appeals from the trial court's grant of a directed verdict against her on her battery and negligence claims. The primary issue is whether Johnson's failure to prove damages in a specific amount for non-physical harm caused by sexual abuse justified the trial court's grant of a directed ver-

dict against her on her claims for battery and punitive damages. We conclude that Johnson is entitled to compensatory damages for non-physical injury arising from the battery of sexual abuse, without specific proof of a dollar amount. We reverse the trial court's grant of a directed verdict on the battery and punitive damage claims and remand for further proceedings. We affirm, however, the directed verdict on Johnson's negligence claim.

## I. BACKGROUND

¶ 2 Johnson's battery and punitive damages claims stemmed from allegations that Pankratz, her natural father, had sexually molested Johnson when she was a child. Her negligence claim alleged three incidents in which Johnson claimed that she was injured when Pankratz allowed her to play on gymnastic equipment without adequate supervision. At the bench trial, Johnson testified to frequent episodes of sexual abuse during overnight visits to her father's house and to the three play-related incidents that caused injuries to her teeth and mouth.

¶ 3 At the close of Johnson's case, Pankratz moved for directed verdicts on all claims. The trial court, although it accepted Johnson's testimony as true, found that she had not established any general damages to support either the battery or punitive damages claim. On the negligence claim, the court found insufficient evidence of a breach of the duty of care. Johnson timely appealed from the three directed verdicts.

## II. DISCUSSION

¶ 4 We review the grant of a motion for directed verdict *de novo* and consider the evidence in the light most favorable to the non-moving party. *See Gemstar Ltd. v. Ernst & Young,* 185 Ariz. 493, 505, 917 P.2d 222, 234 (1996). A motion should be granted only if the facts presented in support of a claim have so little probative value that reasonable people could not find for the claimant. *See id.*

### A. The Battery and Punitive Damages Claims

¶ 5 Johnson testified that Pankratz sexually abused her on numerous occasions either while showering with her or getting into bed with her, that she felt pain from the digital penetration, that she hated her father's conduct, and that she suffered from nightmares and frequent urinary tract infections, the treatment of which was also painful. Johnson further stated that Pankratz told her that, if she revealed his actions to anyone, her mother would die. Johnson said that she finally told her mother about the abuse after Pankratz appeared at their home in Switzerland because she was tired of being afraid.

¶ 6 To establish a battery claim, a plaintiff must prove that the defendant intentionally caused a harmful or offensive contact with the plaintiff to occur. *See* Restatement (Second) of Torts § 13 (1965). Proof of resulting damage is not an element of the claim. *See id.* As with other dignitary torts, such as assault, false imprisonment, or intentional infliction of emotional distress, "the only harm [from a battery may be] the affront to the plaintiff's dignity as a human being, the damage to his self-image, and the resulting mental distress. *It does not follow that recovery is limited to nominal damages, however, even if the extent of emotional distress is not proved.*" Dan B. Dobbs, *Dobbs Law of Remedies,* § 7.1 (2d ed.1993) (emphasis added). Furthermore, Arizona allows damages for mental distress resulting from "a physical invasion of a person or the person's security." *Valley Nat'l Bank v. Brown,* 110 Ariz. 260, 265, 517 P.2d 1256, 1261 (1974).

¶ 7 Therefore, accepting Johnson's testimony as true, as we are required to do, she established that a tort had been committed against her and that she experienced pain, fear, and distress. At the conclusion of her case, however, the trial court found that she had failed to show that "a sum of money, any sum of money would compensate [her] for damages that [she] suffered."

¶ 8 We must disagree with the court's conclusion. A plaintiff who has proved an offensive touching is not disquali-

fied from any award of damages simply because the harm inflicted is difficult or even impossible to quantify. *See* Dobbs, § 7.1(2) (awards may be given for unproven emotional distress in dignitary tort cases when the facts are such that an ordinary person would feel distress). The traditional rule for battery cases is that general damages or presumed damages "of a substantial amount can be recovered merely upon showing that the tort was committed at all." *Id.*

¶ 9 As redress for the intentional infliction of mental distress, at least one court has affirmed an award of compensatory damages without proof of special damages. *See Laurie Marie M. v. Jeffrey T.M.*, 159 A.D.2d 52, 559 N.Y.S.2d 336, 340 (1990). There, the defendant admitted rubbing his infant stepdaughter's breasts and genitals over a period of several months. The jury awarded the plaintiff, then nineteen years of age, $200,000 in compensatory damages, and $275,000 in punitive damages. The appellate court noted that nonpecuniary damages, the principal component of a claim for intentional infliction of emotional distress, "are, by their nature not susceptible to mathematical computation." *Id.* Although the court reduced the compensatory damage award to $100,000, and the punitive damage award to $100,000, it observed that when the proof satisfactorily established that an injury is more than minimal, "[t]he plaintiff's subjective testimony of pain is sufficient to establish an injury for which she is entitled to compensation." *Id.*

¶ 10 Even when a touching is "entirely harmless but offensive, [that] contact entitles the plaintiff to vindication of the legal right by an award of nominal damages, and ... to compensation for the resulting mental disturbance, such as fright, revulsion or humiliation." W. Page Keeton et al., *Prosser and Keeton on the Law of Torts*, § 9, at 40 (5th ed.1984) (footnotes omitted); *see also Magma Copper Co. v. Shuster*, 118 Ariz. 151, 153–54, 575 P.2d 350, 352–53 (App.1977) (Nominal damages for battery "signify[ ] that the plaintiff's rights were technically invaded even though he suffered, or could prove, no loss or damage.").

¶ 11 Although she did not allege any permanent or disabling injury, Johnson's testimony established more than a technical violation of the integrity of her person, and she also stated that her emotional distress from the abuse continued throughout much of her childhood. *See State v. Griswold*, 8 Ariz. App. 361, 364, 446 P.2d 467, 470 (1968) (actual and compensatory damages are generally synonymous and are awarded "as an equivalent for the injury done" or as compensation for the harm inflicted).

¶ 12 In a case somewhat analogous to this, our supreme court affirmed a jury award of $3,500 in compensatory and $1,500 in punitive damages to a plaintiff for a battery from defendant's touching of her private parts. *See Skousen v. Nidy*, 90 Ariz. 215, 219, 367 P.2d 248, 250 (1961). On appeal, the court rejected the defendant's claims that no evidence corroborated the allegations and that the awards were excessive because no damage had resulted. *Id.* With an intentional tort such as battery, "physical injury need not be sustained. Mental suffering, including shame from the indignities of the acts, is usually considered an injury for which damages may be given." *Id.; see also Meadows v. Guptill*, 856 F.Supp. 1362 (D.Ariz.1993) (granting $2,500 compensatory award for battery of patting and grabbing plaintiff's buttocks and tugging at her blouse as well as $50,000 punitive damage award).

¶ 13 As these cases illustrate, a battery entitling a plaintiff to compensatory damages may also entitle her to punitive damages. In Arizona, if malice is express or may be implied from the nature of the acts and the circumstances, punitive damages are possible. *See Rodgers v. Bryan*, 82 Ariz. 143, 151, 309 P.2d 773, 778–79 (1952) (malicious or aggravated conduct in beating plaintiff may constitute malice for purposes of punitive damages; $15,000 awards for compensatory and punitive damages upheld); *Reah v. Jupin*, 68 Ariz. 335, 336–37, 206 P.2d 558, 559–60 (1949) (no error to submit punitive damages to jury when defendant pushed, kicked, and grabbed plaintiff; malice may be inferred from nature of the acts and surrounding circumstances); *Barker v. James*, 15 Ariz.App. 83, 87, 486 P.2d 195, 199–200 (1971) (in suit for battery from scuffle between neighbors, pleadings sufficiently al-

leged malice as basis for punitive damages; error in refusing related jury instruction harmless); *Safeway Stores, Inc. v. Harrison,* 14 Ariz.App. 439, 441, 484 P.2d 208, 210 (1971) (for push into shopping cart and resulting bruise, $2,000 general damages upheld as well as $20,000 punitive damages because battery was wanton, malicious, or aggravated). As our supreme court has more recently stated in the context of bad faith, when a wrongdoer "should be consciously aware of the evil of his actions . . . or that his conduct is so outrageous, oppressive or intolerable in that it creates a substantial risk of tremendous harm to others," the evil mind necessary for punitive damages may exist. *Linthicum v. Nationwide Life Ins. Co.,* 150 Ariz. 326, 330, 723 P.2d 675, 679 (1986).

¶ 14 Although the circumstances here may not necessarily suggest hatred or ill will as motivation, *see, e.g., Rodgers,* 82 Ariz. at 151, 309 P.2d at 778 (malice may be animus or reckless disregard of plaintiff's rights), they may well suggest the sort of evil mind or aggravated conduct that is so outrageous and so likely to cause tremendous harm that punitive damages are appropriate. Therefore, we reverse the directed verdicts on the battery and punitive damages claims and remand for a new trial.

¶ 15 In his answering brief, Pankratz argues that we should view the directed verdict on Johnson's battery claim as a judgment on partial findings pursuant to Arizona Rule of Civil Procedure 52(c). *See Rempt v. Borgeas,* 120 Ariz. 36, 38–39, 583 P.2d 1356, 1358–59 (App.1978) (in bench trial, motion to dismiss for insufficient evidence is equivalent to one for directed verdict; misdesignation may be harmless error). Under Rule 52(c), in a trial to the court, the court may weigh the evidence at the conclusion of the plaintiff's case and rule on the merits. Here, however, after accepting the plaintiff's testimony as true, the court committed a legal error by granting a directed verdict based on lack of evidence of general damages. As the cases cited above demonstrate, physical injury is not a required element of battery.

Mental pain and suffering are injuries for which damages may be awarded.

**B. Negligence Claim**

¶ 16 Johnson testified to three injuries to her mouth that she suffered between the ages of two and three while playing under Pankratz's supervision. In one incident, she was holding gymnastic rings on which she had played before, lost her grip, and fell to the ground. She said that her mouth bled profusely. On another occasion, she was playing on a trampoline and lost her balance. Pankratz could not catch her or prevent her fall, and she hit her mouth on the edge of the trampoline. Finally, Johnson said that her father once held her up to a gymnastic bar and that when he let go, she could not hold on. As she let go, she chipped a baby tooth on the bar. After these events, Johnson said that she was terrified of blood and was later told that she had an overbite, but she received no further dental or medical treatment. Johnson's pediatrician also testified about these injuries.[1]

¶ 17 The trial court granted Pankratz a directed verdict after finding insufficient evidence that he breached the standard of care owed by a reasonable and prudent parent in similar circumstances. *See Broadbent v. Broadbent,* 184 Ariz. 74, 81, 907 P.2d 43, 50 (1995). Johnson claims that her evidence of Pankratz's conduct was sufficient to establish a breach of the reasonable parent standard.

¶ 18 In an ordinary negligence case, "it is not necessary for the plaintiff to present evidence to establish the standard of care because the [fact finder] can rely on its own experience in determining whether the defendant acted with reasonable care under the circumstances." *Bell v. Maricopa Med. Ctr.,* 157 Ariz. 192, 194, 755 P.2d 1180, 1182 (App. 1988); see also *Rudolph v. Arizona B.A.S.S. Fed'n,* 182 Ariz. 622, 626, 898 P.2d 1000, 1004 (App.1995) (fact finder can determine breach without expert testimony when the context can be understood by ordinary persons). Because this case did not require expert evidence on whether Pankratz breached the standard of care, Johnson's evidence would

---

1. Because the pediatrician learned of these incidents from Johnson's mother, the court properly concluded that the doctor's testimony as to which parent "caused" the injuries was hearsay.

have been sufficient to withstand a motion for directed verdict in a jury trial.

■ ¶ 19 Here, however, the trial court was the fact finder, and we agree with Pankratz that we may treat a directed verdict based on the insufficiency of the evidence as a judgment on partial findings pursuant to Rule 52(c). *See Rempt,* 120 Ariz. at 38–39, 583 P.2d at 1358–59 (in a bench trial, designation of motion as one for directed verdict rather than for involuntary dismissal was harmless).[2] The effect of a defense motion at the close of a plaintiff's case is that the court, as fact finder, reviews all the evidence and rules on the claim. The court may rule as a matter of law or consider the sufficiency of the evidence.

■ ¶ 20 Viewing the court's findings as a ruling on the sufficiency of the evidence as the fact finder, we draw all inferences from the evidence in favor of the judgment. *See Backman v. Backman,* 127 Ariz. 414, 416, 621 P.2d 920, 922 (App.1980). Johnson testified that Pankratz was present at all times while she was playing and that she had played on the rings before without injury. She also said that she fell on the trampoline when she lost her balance. We agree that the evidence failed to show that in releasing his grip on Johnson while she was on the rings, the trampoline, or bar, Pankratz breached his duty as a reasonable parent and caused the injuries to her mouth. Accordingly, we affirm the judgment for Pankratz and need not decide whether sufficient evidence of damages existed.

### III. CONCLUSION

¶ 21 We reverse the directed verdicts on Johnson's battery and punitive damages claims and remand for further proceedings. We affirm the judgment for Pankratz on the negligence claim.

CONCURRING: RUDOLPH J. GERBER, Judge, and SUSAN A. EHRLICH, Judge.

---

**2.** Although *Rempt* dealt with Rule 41(b), Ariz. R. Civ. P., Rule 41(b) was subsequently amended and a similar provision is now found in Rule 52(c).