NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BRANDT HETTENHAUS, *Plaintiff/Appellant,*

*v.*

CHARLES JUGANS, et al., *Defendants/Appellees.*

No. 1 CA-CV 21-0329
FILED 3-15-2022

Appeal from the Superior Court in Maricopa County
No. CV2019-012268
The Honorable Sherry K. Stephens, Judge (retired)

**AFFIRMED**

COUNSEL

Alexander R. Arpad, Phoenix
*Counsel for Plaintiff/Appellant*

Law Office of Florence M. Bruemmer, P.C., Anthem
By Florence M. Bruemmer
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which
Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

**M c M U R D I E**, Judge:

¶1          Plaintiff Brandt Hettenhaus appeals from the superior court's judgment awarding attorney's fees and finding that he failed to prove loss-of-use damages in his conversion claim against Defendants Charles Jugans and Renee Schumann.[1] We find no reversible error and affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Hettenhaus once hired Jugans to perform work restoring his classic Camaro. But the relationship deteriorated, and Hettenhaus prevailed against Jugans in a breach of contract action unassociated with this appeal.[2]

¶3          With the Camaro litigation pending, Hettenhaus contacted Gerardus Brokerhof, a friend who had also engaged Jugans for restoration services. Brokerhof left his 1966 Pontiac GTO at Jugans' shop for repairs, where it remained for about 10 years. Hettenhaus bought the GTO for $15,000 "in 'as is' condition and where currently located." The next day, Hettenhaus contacted Jugans through counsel to coordinate retrieval of the GTO from Jugans. Jugans refused to release the GTO to Hettenhaus, claiming he had a lien on the vehicle for unpaid repairs. Eight days after buying the GTO, Hettenhaus sued Jugans for conversion.

¶4          Hettenhaus moved for partial summary judgment on liability. Jugans, no longer represented by counsel, responded to the motion in an unsigned filing without a statement of facts or an affidavit. As a result, the superior court entered partial summary judgment for Hettenhaus, finding Jugans exercised wrongful control over the GTO inconsistent with Hettenhaus' right to immediate possession.

¶5          Soon after, Brokerhof retrieved the GTO at Hettenhaus' request. Brokerhof retained possession of the GTO until Hettenhaus sold it back to him for the original $15,000 purchase price two months later.

¶6          Hettenhaus informed the court he intended to proceed to a bench trial on damages for loss of use. The parties tried to settle but failed. In his disclosure statement, Hettenhaus identified his expert's report as his

---

[1]          We call Appellees the singular Jugans for ease of reference.

[2]          *See* Ruling, *Hettenhaus v. Jugans et al.*, CV2018-013438, (Maricopa County Super. Ct. May 11, 2021).

"computation of damages." The report addressed loss-of-use damages for the thirteen-month detention period and concluded the value of Hettenhaus' claim was $143,000, a value based on the rental cost of a vintage GTO. Although the expert valued Hettenhaus' loss-of-use claim at $143,000, his report stated that "an additional discussion for the normal insurance company rental rates applicable for a loss of use claim on a normal and standard motor vehicle . . . should be addressed" and calculated the rental cost of a Toyota Camry at $8550.

¶7             At the trial, Hettenhaus' counsel commented during his opening statement that the expert appraiser's damages calculation was based on the rental price of a similar vehicle in California, but that the rental cost was more than the value of the GTO and that "nobody thinks [Hettenhaus] should recover that." He said that Hettenhaus was instead asking to recover $8550, the amount it would cost to rent an ordinary sedan for 13 months.

¶8             The court heard testimony from Hettenhaus and his expert auto appraiser. Hettenhaus testified that the GTO was not in a drivable condition when he bought it but that if he had it, he would have restored it at the cost of about $20,000. He then could have sold it at an auction for $65,000 or used it for daily transportation. He explained that he had been unable to restore the GTO after the court ordered its return because he suffered financially at the outset of the COVID-19 pandemic and could not afford the restoration. The appraiser testified that the value of Hettenhaus' loss of use claim was $143,000.

¶9             After Hettenhaus rested, Jugans moved for a directed verdict, arguing Hettenhaus failed to prove damages. The court granted the motion. Jugans requested attorney's fees under A.R.S. § 12-349, asserting that Hettenhaus unreasonably expanded the litigation by seeking unsupported damages after Jugans gave up possession of the GTO. The court found that Hettenhaus' claim for $143,000 in loss-of-use damages was unreasonable, and he should have known before the settlement conference that his request was not supported by the evidence he planned to present at trial. The court determined that Hettenhaus unreasonably expanded the litigation and awarded Jugans $3400 in fees.

¶10           Hettenhaus appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶11**   Hettenhaus argues the superior court erred by granting Jugans' motion for a directed verdict and by awarding attorney's fees under A.R.S. § 12-349.

**¶12**   We first address the superior court's designation of the judgment as a directed verdict under Rule 50. During a jury trial, the court may grant a motion for judgment as a matter of law under Rule 50 if the evidence before the jury has "so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 578, ¶ 25 (App. 2015). In the context of a bench trial, the court may weigh evidence after the plaintiff's case and enter judgment for the defendant if the plaintiff fails to meet the requisite burden of proof. Ariz. R. Civ. P. 52(c). The error is harmless when the superior court misdesignates a judgment without affecting a party's substantial rights. Ariz. R. Civ. P. 61; *see Rempt v. Borgeas*, 120 Ariz. 36, 39 (App. 1978).

**¶13**   The superior court incorrectly stated that its judgment had been entered under Rule 50 rather than Rule 52(c). But because this designation does not affect a party's substantial rights, we treat the judgment as entered under Rule 52(c). *See Johnson v. Pankratz*, 196 Ariz. 621, 626, ¶ 19 (App. 2000) (When the trial court acts as factfinder, "we may treat a directed verdict based on the insufficiency of the evidence as a judgment on partial findings pursuant to Rule 52(c).").

**¶14**   Following a judgment entered under Rule 52(c), we review the superior court's factual findings for clear error but review legal questions *de novo*. *Tobias v. Dailey*, 196 Ariz. 418, 420, ¶ 7 (App. 2000). Conversion damages include the value of the property taken and any other damages caused by the wrongful detention, such as compensation for the plaintiff's loss of use. *Collins v. First Fin. Servs., Inc.*, 168 Ariz. 484, 486 (App. 1991). Hettenhaus' complaint requested the GTO's return and damages to compensate him for (1) any diminution in the GTO's value caused by improper storage and (2) his loss of use of the GTO while it was wrongfully detained.

**¶15**   To recover damages for loss of use, a plaintiff must offer "some competent evidence establishing the usable value of the property." *Phelps v. Melton*, 14 Ariz. App. 296, 298 (1971). The court heard testimony that the GTO was not in drivable condition while Jugans possessed it but

that Hettenhaus planned to restore it. As factfinder, the court was free to weigh Hettenhaus' credibility and the probative value of his self-serving testimony that he would have promptly restored the GTO. Based on the evidence, the court could reasonably conclude Hettenhaus would not have attempted or completed the restoration and suffered no damages from the wrongful detention of the inoperable vehicle. Finally, Hettenhaus asserts that, if nothing else, he was entitled to nominal damages. But Hettenhaus did not request nominal damages, so the court did not err by failing to award them.

¶16 Hettenhaus also challenges the court's attorney's-fees award, claiming the damages trial did not unreasonably expand or delay the proceeding because his claim for damages "was at least fairly debatable." Under A.R.S. § 12-349(A)(3), the court must assess reasonable attorney's fees and expenses if an attorney or party unreasonably expands a proceeding. In reviewing an award made under A.R.S. § 12-349, we view the evidence in a manner most favorable to sustaining the award and affirm unless the superior court's finding is clearly erroneous. *See Goldman v. Sahl*, 248 Ariz. 512, 531, ¶ 65 (App. 2020).

¶17 The superior court found Hettenhaus unreasonably expanded the proceeding by pursuing damages for loss of use for an inoperable vehicle. Hettenhaus' claimed damages were calculated using the rental value of a fully restored vintage GTO or an ordinary but operable sedan. His self-serving testimony was the only evidence supporting Hettenhaus's declared intent to restore the GTO upon possession. Because Hettenhaus bought the vehicle while already engaged in litigation with Jugans and never took possession of the vehicle even after Jugans complied with the court order, the court did not err by awarding Jugans' fees under A.R.S. § 12-349.

## ATTORNEY'S FEES

¶18 Jugans requests attorney's fees and costs under A.R.S. § 12-349(A)(1) and -349(A)(3). As the successful party, Jugans is entitled to costs after compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. § 12-341 (successful party entitled to costs). In our discretion, we award Jugans reasonable attorney fees under A.R.S. § 12-349(A)(1) because Hettenhaus appealed without substantial justification.

## CONCLUSION

¶19      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA