NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RENEE ARMENTA, in her individual
capacity,

No.    22-15965

Plaintiff-Appellant,

D.C. No. 2:19-cv-05186-ROS

v.

MEMORANDUM[*]

CITY OF GOODYEAR; et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted May 17, 2023
Phoenix, Arizona

Before:  NGUYEN and COLLINS, Circuit Judges, and KORMAN,[**] District
Judge.
Partial Concurrence by Judge COLLINS.

Renee Armenta appeals from the district court's grant of summary judgment

to Matthew Ross on her Fourth Amendment excessive force claim and on her state

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

law battery and intentional infliction of emotional distress claims. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Hill v. City of Fountain Valley*, 70 F.4th 507, 514 (9th Cir. 2023), we affirm in part and vacate and remand in part.

**1.** To determine whether an officer is entitled to summary judgment based on qualified immunity, we view all evidence in the light most favorable to the plaintiff. *See Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017). Under this version of the facts, we ask (1) whether the officer violated the plaintiff's constitutionally protected right; and (2) whether that right was clearly established at the time of the violation. *See id.* "These two prongs of the analysis need not be considered in any particular order, and both prongs must be satisfied for a plaintiff to overcome a qualified immunity defense." *Id.* Armenta's Fourth Amendment claim does not satisfy the second prong of this analysis, and such a failure is detrimental to the claim regardless of whether Ross used excessive force.

Armenta argues that this court's decision in *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007), answered the constitutional question of whether Ross's use of force was reasonable under the circumstances at issue here. We disagree.[1] In that case, the plaintiff claimed that the officers had punched him after

---

[1] We also reject Armenta's argument that this is the "the rare obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing

he already had succumbed and was no longer resisting being handcuffed. *See id.* at 470, 477, 480. By contrast, the video evidence in this case indisputably shows— and Armenta admitted—that Ross punched Armenta as she was pulling away from him and back into her vehicle. *Blankenhorn* also held that a jury could conclude that the officers there violated the Fourth Amendment by gang-tackling the plaintiff after he verbally refused to kneel down even though the officers never attempted to handcuff him and the plaintiff "did not actively resist being handcuffed." *Id.* at 478–79. But the video evidence here shows that Armenta was engaging in some form of active resistance at the time Ross struck her—although, as discussed below, the extent of her resistance is debatable. *See Bryan v. MacPherson*, 630 F.3d 805, 830 (9th Cir. 2010).

Because existing law did not place beyond debate that an officer may not use the level of force that Ross used against Armenta under these circumstances, Ross is entitled to qualified immunity on the Fourth Amendment claim.

**2.** Although this qualified immunity analysis is determinative of Armenta's Fourth Amendment claim, it does not affect her state law tort claims. *See Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1171 (9th Cir. 2013). Regarding

---

precedent does not address similar circumstances." *City of Escondido v. Emmons*, 139 S. Ct. 500, 504 (2019) (per curiam) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018)).

Armenta's battery claim, we conclude that the district court erred when it granted summary judgment to Ross.

Under Arizona law, battery consists of an intentional act by one person that "results in harmful or offensive contact with the person of another." *Duncan v. Scottsdale Med. Imaging, Ltd.*, 70 P.3d 435, 438 (Ariz. 2003). Armenta has raised a genuine dispute of material fact over whether Ross's use of force violated this standard, and it is unclear at this stage whether any Arizona affirmative defense applies here. *See, e.g.*, Ariz. Rev. Stat. § 13-409 (providing an affirmative defense if, *inter alia*, an officer's use of force was reasonable). For example, Armenta relies on the Goodyear Police Department's "Use of Force" manual, which states that this level of force generally should be used "to control active aggression," which it defines as "the intent to physically harm the officer or another person and prevent an officer from placing the subject in custody and taking control." Viewing the evidence in the light most favorable to Armenta, as we must at this stage, we conclude that a trier of fact could reasonably find that even if Armenta's resistance justified the use of some force, Ross's punching and dragging of Armenta exceeded what was reasonable under the circumstances, and Ross's failure to follow protocols and inform Armenta of the reason for her arrest defeats his affirmative defense. *See* § 13-409(2) (requiring that an officer, in most cases, "make[] known the purpose of the arrest or detention" to qualify for the defense).

4

We accordingly vacate the grant of summary judgment on Armenta's battery claim and remand this claim to the district court. On remand, the district court can decide whether to exercise pendent jurisdiction over this state law claim now that the federal claim has been dismissed. We reach no conclusion on whether any Arizona affirmative defense shields Ross from liability.

**3.** By contrast, we affirm the grant of summary judgment on the intentional infliction of emotional distress claim. A plaintiff claiming intentional infliction of emotional distress under Arizona law must show that (1) the defendant's conduct was "extreme" and "outrageous"; (2) the defendant either intended to cause the emotional distress or recklessly disregarded the near certainty that such distress would result from his conduct; and (3) severe emotional distress actually resulted from the conduct. *See Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987). The conduct must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (quoting *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. Ct. App. 1969)).

Regardless of whether Ross's use of force was justified, his conduct does not satisfy this demanding standard. Furthermore, Armenta failed to present evidence demonstrating that she suffered extreme emotional distress as a result of the

5

incident.  The district court was thus correct to award summary judgment to Ross on this claim.

**AFFIRMED in part; VACATED and REMANDED in part.**

*Armenta v. City of Goodyear, et al.*, No. 22-15965

COLLINS, Circuit Judge, concurring in part and in the judgment:

I concur in the memorandum disposition, except as to Part 2, which addresses Plaintiff Armenta's state law battery claim. As to that claim, I concur in the judgment reversing the summary judgment in Defendant Ross's favor, but I reach that conclusion on different grounds.

In a suit asserting a common law claim for battery against a police officer under Arizona law, the plaintiff "must prove that [the] officer[] intentionally caused harmful or offensive contact with [her]." *Betancourt v. City of Phoenix*, 2017 WL 5586533, at *4 (Ariz. Ct. App. 2017) (unpub.) (citing *Johnson v. Pankratz*, 196 Ariz. 621, 623 (Ariz. Ct. App. 2000)). Armenta presented sufficient evidence to create a triable issue as to those basic elements here, and the question then is whether the use of force was justified. The Arizona Supreme Court has held that a defendant law enforcement officer "bears the burden of proving a justification defense by a preponderance of the evidence in a civil case," including the "justification defense" available to arresting officers under Arizona Revised Statutes § 13-409. *Ryan v. Napier*, 425 P.3d 230, 241 (Ariz. 2018). That defense requires a showing, *inter alia*, that "all of the following exist":

> 1. A reasonable person would believe that such force is immediately necessary to effect the arrest or detention or prevent the escape.

> 2. Such person makes known the purpose of the arrest or detention or believes that it is otherwise known or cannot reasonably be made known to the person to be arrested or detained.
>
> 3. A reasonable person would believe the arrest or detention to be lawful.

ARIZ. REV. STAT. § 13-409. I would not reach the question of the reasonable necessity of Ross's force under the first element of this defense. Even assuming that a reasonable person would believe that Ross's force was necessary under the circumstances, I conclude that there is a triable issue as to whether Ross believed that the purpose of Armenta's arrest could not "reasonably be made known" to her at the time of the arrest. A reasonable jury viewing the video evidence concerning this arrest could conclude that it was plainly unreasonable not to advise Armenta of the reason for her arrest and that the second element therefore was not met. Because the defense requires establishing "all" three elements, *see id*., summary judgment on the state law battery claim was improper. On this ground, I concur in the judgment reversing the summary judgment on the battery claim.