NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON LOU PERALTA,<br><br>    Plaintiff-Appellant,<br><br>ANDREW W. SHALABY,<br><br>    Appellant,<br><br>  v.<br><br>WORTHINGTON INDUSTRIES, INC.;<br>WORTHINGTON CYLINDER<br>CORPORATION; WORTHINGTON<br>CYLINDER WISCONSIN LLC;<br>BERNZOMATIC,<br><br>    Defendants-Appellees. | No. 22-15140<br><br>D.C. No. 2:17-cv-03195-JJT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted January 17, 2024**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jason Lou Peralta appeals from the district court's summary judgment in his diversity action alleging products liability claims. Peralta and Andrew W. Shalaby also appeal from the district court's order revoking Shalaby's *pro hac vice* status. We have jurisdiction under 28 U.S.C. § 1291. We review de novo cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendants because Peralta failed to raise a genuine dispute of material fact as to whether defendants acted unreasonably at the time of manufacture or design, or intentionally caused a harmful or offensive contact with Peralta. *See Dart v. Wiebe Mfg., Inc.,* 709 P.2d 876, 881 (Ariz. 1985) ("For a plaintiff to prove negligence he must prove that the designer or manufacturer acted unreasonably at the time of manufacture or design of the product."); *Johnson v. Pankratz*, 2 P.3d 1266, 1268 (Ariz. Ct. App. 2000) (explaining elements of a battery claim under Arizona law); *see also A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1210 (9th Cir. 2016) ("Under Arizona law, the act that caused the harm will qualify as intentional conduct only if the actor desired to cause the *consequences*—and not merely the act itself—or if he was certain or substantially certain that the *consequences* would result from the act." (citations and internal quotation marks omitted)).

The district court properly denied Peralta's motion for summary judgment on a strict liability theory because the operative complaint did not provide fair notice of this claim and it was raised for the first time in Peralta's summary judgment motion. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-93 (9th Cir. 2000) (concluding that allowing the plaintiffs to proceed with a new theory of liability at summary judgment after the close of discovery would prejudice the defendants).

The district court did not abuse its discretion by denying Peralta's motion to exclude Dr. Pfaendtner's testimony because Dr. Pfaendtner's opinion satisfied the requirements of Federal Rule of Evidence 702. *See Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (setting forth standard of review and admissibility requirements for expert opinion testimony under Rule 702, as explained in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)); *see also Daubert*, 509 U.S. at 595 (observing that "[t]he focus [of the district court's analysis], of course, must be solely on principles and methodology, not on the conclusions that they generate"). We reject as unsupported by the record Peralta's contentions that Dr. Pfaendtner lied and falsified evidence.

The district court did not abuse its discretion by revoking Shalaby's *pro hac vice* status after giving Shalaby notice and an opportunity to be heard on the grounds for revocation. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109-13

3

(9th Cir. 2005) (setting forth standard of review and explaining that a court may revoke *pro hac vice* status following notice and an opportunity to respond). We reject as without merit Shalaby's contention that the district court failed to scrutinize sufficiently defendants' motives for moving to revoke Shalaby's *pro hac vice* status.

We do not consider Peralta's challenges to the district court's orders excluding Peralta's experts and barring Shalaby from acting as counsel to Peralta's experts because they were raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Peralta's contention that the district court's procedures for discovery disputes violated the Federal Rules of Civil Procedure.

Appellants' motions to increase the page limit and file a late response (Docket Entry Nos. 67 and 68) are granted. All other motions and requests are denied.

**AFFIRMED.**

22-15140