153 P.3d 1064

**Peter R. PATTERSON, a single man, Plaintiff/Appellant,**

v.

**THUNDER PASS, INC., an Arizona corporation, Defendant/Appellee.**

No. 1 CA–CV 06–0421.

Court of Appeals of Arizona, Division 1, Department D.

March 8, 2007.

Franklin & Associates, By Charles P. Franklin, Colby R. Kanouse, Scottsdale, Attorneys for Plaintiff/Appellant.

Jones, Skelton & Hochuli, P.L.C., By Donald L. Myles, Jr., Jefferson T. Collins, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

WINTHROP, Presiding Judge.

¶1 Peter Patterson appeals the trial court's summary judgment in favor of Thunder Pass, Inc. ("Thunder Pass"), and dismissal with prejudice of his complaint alleging dram shop liability. The issues are whether a tavern fulfilled its duty of reasonable care by driving an intoxicated patron home and whether the patron's return to the tavern constituted a superseding, intervening event that broke the chain of proximate causation, thereby relieving the tavern of subsequent liability. For the following reasons, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

¶2 Because we are reviewing a decision granting summary judgment in favor of Thunder Pass, we construe the facts and reasonable inferences in the light most favorable to Patterson, the non-moving party. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pen-*

*sion Trust Fund,* 201 Ariz. 474, 482, ¶13, 38 P.3d 12, 20 (2002); *Strojnik v. Gen. Ins. Co. of Am.,* 201 Ariz. 430, 433, ¶10, 36 P.3d 1200, 1203 (App.2001).

¶3 Thunder Pass operates a tavern known as Spirits Bar and Grill ("the tavern") in Mesa. On the evening of February 8, 2005, Dawn Roque went to the tavern, where she drank liquor and was observed to be intoxicated. When Roque tried to leave the premises, she backed her vehicle into a parked Jeep and then drove forward over a parking block. A tavern employee confiscated her keys and called a taxicab to transport her home, but the taxicab never arrived. Another tavern employee eventually drove Roque home and then returned her keys. However, within an hour, and unbeknownst to the tavern employees, Roque returned to the parking lot behind the tavern to get her vehicle. She exited the parking lot and began traveling westbound in the eastbound lane of Apache Trail at a high rate of speed. Roque's vehicle collided head-on with a vehicle driven by Patterson, who was traveling eastbound on Apache Trail. Both drivers were transported to a hospital.

¶4 Patterson subsequently filed a complaint against Thunder Pass, alleging that he had sustained damages as a result of the tavern serving intoxicating liquor to Roque, who later caused the motor vehicle accident with him. Patterson sought damages under the theories of negligence, negligence per se pursuant to Arizona Revised Statutes ("A.R.S.") section 4–244 (Supp.2006),[1] and respondeat superior. Thunder Pass filed an answer, denying liability.

¶5 Later, Thunder Pass also filed a motion for summary judgment, arguing that it had fulfilled any duty owed because Roque had

---

1. We cite the current version of the applicable statute because no revisions material to this decision occurred when the statute was revised effective August 12, 2005. *See* 2005 Ariz. Sess. Laws, ch. 284, § 11 (1st Reg.Sess.). Subsection (14) makes it unlawful

    [f]or a licensee or other person to serve, sell or furnish spirituous liquor to a[n] ... obviously intoxicated person, or for a licensee or employee of the licensee to allow or permit a[n] ... obviously intoxicated person to come into or remain on or about the premises, except that a

    licensee or an employee of the licensee may allow an obviously intoxicated person to remain on the premises for a period of time of not to exceed thirty minutes after the state of obvious intoxication is known or should be known to the licensee in order that a nonintoxicated person may transport the obviously intoxicated person from the premises.

    A.R.S. § 4–244(14). Violation of this subsection is a class 1 misdemeanor. A.R.S. § 4–246(B) (2002) (revised by 2005 Ariz. Sess. Laws, ch. 284, § 13 (1st Reg.Sess.)).

been safely driven home and that Roque's decision to return that night to retrieve her vehicle was unforeseeable and a superseding, intervening event that negated any alleged negligence on the part of the tavern or its employees. After further briefing and oral argument, the trial court granted the motion in a minute entry dated May 1, 2006:

**IT IS ORDERED** granting Defendant Thunder Pass, Inc.'s Motion for Summary Judgment.

The Court in granting this Motion finds that for purposes of this Motion, the third party Dawn Roque was "obviously intoxicated" as defined by A.R.S. § 4–311, requiring the Defendant to take reasonable steps to protect the public safety. Once the Defendant's employee[s] recognized that Roque was impaired, they took steps to procure a cab for her, and when those efforts failed, an employee of the Defendant drove Roque home, a distance of more than five miles from the bar.

The Court finds as a matter of law that it was not reasonably foreseeable that Roque would return to the Defendant's bar within 45 minutes after being left at her residence to then operate her motor vehicle while intoxicated. The Defendant had little choice but to give Roque her keys as they had no authority to either take her keys or to impound her vehicle. Additionally, they were under no obligation to seek law enforcement assistance as, until Roque drove her motor vehicle, she was not in violation of the law.

Additionally, even if this Court were to determine that it was reasonably foreseeable that she would return to the bar, her independent action, without aid or assistance of the Defendant, would be a superceding intervening cause, and a recovery would be precluded under [*Ontiveros v. Borak*, 136 Ariz. 500, 667 P.2d 200 (1983)].

On May 24, 2006, the trial court issued a signed judgment in favor of Thunder Pass.

¶ 6 On June 13, 2006, Patterson filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2003) and 12–2101(B) (2003).

## ANALYSIS

¶ 7 Patterson argues that the trial court erred in granting Thunder Pass's motion for summary judgment. He contends that summary judgment was inappropriate because the tavern had a duty not to serve alcohol to Roque when she was obviously intoxicated, it violated that duty, it did not extinguish its liability merely by driving Roque home, and Roque's return to retrieve her vehicle was not a superseding, intervening event relieving Thunder Pass from liability. Thunder Pass argues that it fulfilled its common law and statutory duties and Roque's return to the tavern was a superseding, intervening event precluding recovery by Patterson.

¶ 8 We review the trial court's summary judgment *de novo*. *Wells Fargo Bank*, 201 Ariz. at 482, ¶ 13, 38 P.3d at 20; *Strojnik*, 201 Ariz. at 433, ¶ 10, 36 P.3d at 1203. Summary judgment is proper only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990); Ariz. R. Civ. P. 56(c)(1). Accordingly, we will affirm only if the facts produced in support of the claim have so little probative value, given the quantum of evidence required, that no reasonable person could find for its proponent. *See Orme Sch.*, 166 Ariz. at 309, 802 P.2d at 1008.

¶ 9 Generally, a plaintiff may maintain an action in negligence if the plaintiff proves (1) a legal duty or obligation requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on the defendant's part to conform to the standard required; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage. *Ontiveros*, 136 Ariz. at 504, 667 P.2d at 204 (citing William L. Prosser, *Handbook on the Law of Torts* § 30, at 143 (4th ed.1971); *Wisener v. State*, 123 Ariz. 148, 149, 598 P.2d 511, 512 (1979)).

¶ 10 The first element, whether a duty exists, is a question of law for the court to decide. *Gipson v. Kasey*, 214 Ariz. 141,

143, ¶ 9, 150 P.3d 228, 230 (2007) (citing *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 356, 706 P.2d 364, 368 (1985), *superseded by statute on other grounds as recognized in Maher v. United States*, 56 F.3d 1039, 1042 n. 4 (9th Cir.1995)). The other elements are generally factual issues decided by a jury. *Id.* (citing *Markowitz*, 146 Ariz. at 358, 706 P.2d at 370). However, "summary judgment may be appropriate if no reasonable juror could conclude that the standard of care was breached or that the damages were proximately caused by the defendant's conduct." *Id.* at 143 n. 1, ¶ 9, 150 P.3d 228, 150 P.3d at 230 n. 1 (citing *Markowitz*, 146 Ariz. at 357–58, 706 P.2d at 369–70; *Coburn v. City of Tucson*, 143 Ariz. 50, 53, 691 P.2d 1078, 1081 (1984)); *see also Rogers v. Retrum*, 170 Ariz. 399, 402–03 n. 4, 825 P.2d 20, 23–24 n. 4 (App.1991) (noting that, "in approaching the question of negligence or unreasonable risk, 'the courts set outer limits. A jury will not be permitted to require a party to take a precaution that is clearly unreasonable.' " (quoting 3 F. Harper, F. James, & O. Gray, *The Law of Torts* § 15.3, at 355–57 (2d ed.1986))).

¶ 11 Before 1983, the common law rule in Arizona was that a tavern owner could not be held liable for injuries sustained off-premises by third persons as the result of the acts of an intoxicated tavern patron, even though the tavern owner's negligence in serving that patron was a contributing cause of the accident. *Ontiveros*, 136 Ariz. at 504, 667 P.2d at 204 (citing *Cruse v. Aden*, 127 Ill. 231, 20 N.E. 73, 74 (1889); *Waller's Adm'r v. Collinsworth*, 144 Ky. 3, 137 S.W. 766, 767 (1911); 45 Am.Jur.2d *Intoxicating Liquors* § 553 (1969)).

¶ 12 In 1983, however, the Arizona Supreme Court decided *Ontiveros v. Borak* and a companion case, *Brannigan v. Raybuck*, 136 Ariz. 513, 667 P.2d 213 (1983), in which the court abolished the common law doctrine of tavern owner nonliability in Arizona. *See Ontiveros*, 136 Ariz. at 513, 667 P.2d at 213. In *Ontiveros*, the court further concluded that tavern owner liability could be premised on statutory authority, specifically A.R.S. § 4–244(14) (making it unlawful for a licensee to furnish alcohol to an intoxicated person). *Id.* at 509, 667 P.2d at 209.

¶ 13 The supreme court held that a tavern owner is under a duty, imposed both by common law principles and statute, to exercise affirmative, reasonable care in serving intoxicants to patrons who might later injure themselves or an innocent third party, whether on or off the premises.[2] *Ontiveros*, 136 Ariz. at 508–11, 667 P.2d at 208–11; *see also Brannigan*, 136 Ariz. at 515–17, 667 P.2d at 215–17. If a tavern owner breaches that duty of reasonable care, the owner may be held liable for injuries or damages caused by his or her negligence.[3] *Ontiveros*, 136 Ariz. at 513, 667 P.2d at 213; *Hebert*, 145 Ariz. at 353, 701 P.2d at 849. Thus, a plaintiff must still show causation, *Hebert*, 145 Ariz. at 353, 701 P.2d at 849, and actual causation, or "causation-in-fact," exists if a defendant's act contributed to the final result and if that result would not have occurred but for the defendant's conduct.[4] *Ontiveros*, 136 Ariz. at 505, 667 P.2d at 205.

¶ 14 Nevertheless, a tavern owner may be relieved of liability for an injury to which the owner has in fact made a substantial contribution if a plaintiff's injury occurs due to a later, intervening event of indepen-

---

2. In *Gipson*, our supreme court clarified that "[t]he existence of a duty of care is a distinct issue from whether the standard of care has been met in a particular case." 214 Ariz. at 143, ¶ 10, 150 P.3d at 230. The court noted that a duty is an obligation recognized by law, whereas the standard of care is what a defendant must do to satisfy the duty. *Id.* (citations omitted).

3. In *Brannigan*, the supreme court recognized that the breach of a statute intended as a safety regulation is not merely evidence of negligence, but is negligence per se. 136 Ariz. at 517, 667 P.2d at 217. The court further concluded, however, that even if negligence exists as a matter of

law, such negligence may still be excusable under the proper facts. *Id.* at 517–18, 667 P.2d at 217–18. For example, the plaintiff must also show that the breach of the statute was a proximate cause of the accident. *Hebert v. Club 37 Bar*, 145 Ariz. 351, 353, 701 P.2d 847, 849 (App. 1984).

4. Liability may be imposed even if a defendant's conduct contributed "only a little" to a plaintiff's injuries. *Markiewicz v. Salt River Valley Water Users' Ass'n*, 118 Ariz. 329, 338 n. 6, 576 P.2d 517, 526 n. 6 (App.1978) (citation omitted).

dent origin for which the owner is not responsible. *Id.* at 505–06, 667 P.2d at 205–06. To constitute a cause relieving the tavern owner of liability, the intervening event must have also been superseding: that is, it must have been unforeseeable by a reasonable person in the position of the tavern owner and, when looking back after the event, the intervening event must appear extraordinary. *Id.* at 506, 667 P.2d at 206; *Herzberg v. White,* 49 Ariz. 313, 321, 66 P.2d 253, 257 (1937). Thus, if "an injury is produced by an intervening and superseding cause, even though the original negligence may have been a substantial factor in bringing about the injury, the original actor is not legally responsible therefor" because the necessary proximate causation is lacking. *Herzberg,* 49 Ariz. at 321, 66 P.2d at 257; *accord Hebert,* 145 Ariz. at 353, 701 P.2d at 849.

¶ 15 Three years after *Ontiveros* and *Brannigan* were decided, our state legislature passed A.R.S. § 4–311, apparently in an effort to more specifically codify the law established by *Ontiveros* regarding licensee liability for serving intoxicated persons or minors. *See* 1986 Ariz. Sess. Laws, ch. 329, § 1 (2nd Reg.Sess.); *Andrews ex rel. Woodard v. Eddie's Place, Inc.,* 199 Ariz. 240, 242, ¶ 6, 16 P.3d 801, 803 (App.2000). Subsection (A) of A.R.S. § 4–311 (2002)[5] provides that a licensee is liable for property damage and personal injuries if a court or jury finds that the licensee sold spirituous liquor to a purchaser who was obviously intoxicated,[6] the purchaser consumed the spirituous liquor sold by the licensee, and the consumption of the spirituous liquor was a proximate cause of the injury or property damage.

¶ 16 In this case, for the purpose of reviewing the trial court's ruling granting Thunder Pass's motion for summary judgment, we assume, without deciding, from the facts presented that Roque purchased and consumed liquor from the tavern while she was "obviously intoxicated." *See Wells Fargo Bank,* 201 Ariz. at 482, ¶ 13, 38 P.3d at 20; *Strojnik,* 201 Ariz. at 433, ¶ 10, 36 P.3d at 1203. However, we conclude that the tavern's employees nonetheless fulfilled their legal duty of affirmative, reasonable care to Roque and the public by separating Roque from her vehicle and arranging for, as well as subsequently providing, the safe transportation of Roque to her residence. *Cf. Davis v. Cessna Aircraft Corp.,* 182 Ariz. 26, 31, 893 P.2d 26, 31 (App.1994) (noting that a party should not be required to take precautions that are unreasonable). Indeed, the express language found in § 4–244(14) contemplates compliance being met by (1) stopping the further service, sale, or furnishing of spirituous liquor; and (2) arranging for transportation of the intoxicated individual off of the premises by a non-intoxicated person. Further, no evidence exists in the record that the tavern's employees knew or should have known that Roque intended to return shortly thereafter. Accordingly, the trial court correctly found that the tavern fulfilled its duty of due care as a matter of law. *See Gipson,* 214 Ariz. at 143 n. 1, ¶ 9, 150 P.3d at 230 n. 1.

■ ¶ 17 Even were we to conclude that the tavern's employees failed to fulfill their legal duty of affirmative, reasonable care to Roque and the public, or to conclude that A.R.S. § 4–311(A) does not allow for consideration of the employees' ameliorative acts as related to duty, the question, then, is whether the tavern's act of serving alcohol to Roque and her consumption of the alcohol may be held to be a proximate cause of Patterson's injury and property damage. *See* A.R.S. § 4–311(A); *Herzberg,* 49 Ariz. at 321, 66 P.2d at 257; *Chavez v. Tolleson Elem. Sch. Dist.,* 122 Ariz. 472, 475, 595 P.2d 1017, 1020 (App.1979) ("The well-settled standard of liability is based upon a duty owed to the plaintiff and a breach of the duty which is the

---

5. Subsection (A) was revised effective September 21, 2006, but the revision of that subsection has no material effect on this decision. *See* 2006 Ariz. Sess. Laws, ch. 383, § 4 (2nd Reg.Sess.).

6. " '[O]bviously intoxicated' means inebriated to such an extent that a person's physical faculties are substantially impaired and the impairment is shown by significantly uncoordinated physical action or significant physical dysfunction, that would have been obvious to a reasonable person." A.R.S. § 4–311(C); *accord* A.R.S. § 4–244(14). Subsection (C) of A.R.S. § 4–311 was redesignated as subsection (D) and otherwise immaterially revised effective September 21, 2006. *See* 2006 Ariz. Sess. Laws, ch. 383, § 4 (2nd Reg.Sess.).

**440**

proximate cause of the injury."); *see also* W. Page Keeton et al., *Prosser and Keeton on Torts* § 42, at 273–74 (5th ed.1984) (recognizing that limitations on the scope of a defendant's liability may be analyzed under the rubric of "proximate cause").

¶ 18 In *Ontiveros,* our supreme court stated "that furnishing alcohol, consumption of alcohol and subsequent driving of a vehicle which is then involved in an accident are all foreseeable, ordinary links in the chain of causation leading from the sale to the injury." 136 Ariz. at 507, 667 P.2d at 207. As a general rule, we do not quarrel with that statement. Certainly, it is foreseeable to a tavern owner that patrons of the tavern may become involved in a motor vehicle accident after being served liquor past the point of intoxication.

¶ 19 However, that statement does not end our analysis because the question remains whether the intervening acts of separating Roque from her vehicle and driving her home broke the chain of legal causation such as to relieve Thunder Pass of liability in this case. We conclude that they did. Although, as Patterson correctly notes, "[i]t is well known that highly intoxicated people make poor decisions," finding proximate causation based on such reasoning is simply too attenuated and might ultimately subject tavern owners to unlimited liability, a result that would no more serve public policy than finding nonliability in all circumstances. *See Rogers,* 170 Ariz. at 403–04, 825 P.2d at 24–25 (considering public policy implications). Instead, we hold that Roque's decision to return that night to retrieve her vehicle while she was still intoxicated was unforeseeable and extraordinary and thus constituted a superseding, intervening event of independent origin that negated any negligence on the part of the tavern or its employees. Accordingly, the trial court did not err in granting Thunder Pass's motion for summary judgment. *See Gipson,* 214 Ariz. at 143 n. 1, ¶ 9, 150 P.3d at 230 n. 1 ("[S]ummary judgment may be appropriate if no reasonable juror could conclude ... that the damages were proximately caused by the defendant's conduct.").

## CONCLUSION

¶ 20 For the aforementioned reasons, we affirm the trial court's summary judgment in favor of Thunder Pass. Thunder Pass requests an award of its costs incurred on appeal. We grant Thunder Pass's request, contingent upon its compliance with Rule 21(a) and (b) of the Arizona Rules of Civil Appellate Procedure.

CONCURRING: SUSAN A. EHRLICH and SHELDON H. WEISBERG, Judges.

