NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TANI L. SANTOS, *Plaintiff/Appellant*,

*v.*

TROLLEY ENTERPRISES, LLC d.b.a. RED ROCK MAGIC TROLLEY,
*Defendant/Appellee.*

No. 1 CA-CV 18-0584
FILED 10-24-2019

Appeal from the Superior Court in Coconino County
No. S0300CV201600196
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Swenson & Shelley PLLC, St. George, UT
By Kevin Dean Swenson
*Counsel for Plaintiff/Appellant*

Righi Fitch Law Group, PLLC, Phoenix
By Richard L. Righi, Benjamin L. Hodgson
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Joshua D. Rogers[1] joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        Appellant Tani L. Santos ("Santos") appeals the superior court's exclusion of her expert witnesses based on inadequate disclosure, and entry of partial judgment as a matter of law for Appellee Trolley Enterprises, LLC ("Trolley") on her negligence claim. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Trolley runs sightseeing tours of Sedona in historical trolley cars. Santos was a passenger on one tour in May 2014. She later sued Trolley for negligence in April 2016, alleging she suffered injuries when "the bench [she] was sitting [o]n broke," causing her to fall backwards.

**¶3**        Santos served an initial disclosure statement on Trolley in July 2016 under Arizona Rule of Civil Procedure ("Rule") 26.1, listing two treating physicians, Dr. William Smith and Dr. Andrew Cash, as fact witnesses. She further disclosed that she "ha[d] not yet retained an expert" witness, but "may be expected to call any or all of [20 different] treating physicians" as possible expert witnesses. Santos used the same general description of anticipated testimony for each physician: "[i]t is expected that [physician name] will testify regarding [the physician's] examination and treatment of [Santos], [ ] her condition," and that "the treatment rendered to [Santos] was medically necessary." She expected six of them to testify "that her condition and injuries were caused by the [ ] trolley incident," including Dr. Smith and Dr. Cash.

**¶4**        In March 2017, Santos identified 18 treating physicians as expert witnesses, including Dr. Smith and Dr. Cash. Santos restated that she had not "retained or specifically employed [any of the treating physicians] to provide expert testimony in this matter and has not drafted

---

[1]        The Honorable Joshua Rogers, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

any expert reports," but disclosed that each of them "may . . . testify . . . to a reasonable degree of medical probability that the subject incident caused Plaintiff's claimed injuries." She provided no further expert disclosures.

¶5      Trolley moved in limine to preclude Santos from introducing "any expert testimony or expert reports" from these treating physicians because none of them had "offered an opinion or a report in this matter," Santos had not disclosed the substance or summary of their opinions, identified their qualifications, or even described what the physicians had reviewed in reaching their undisclosed opinions. Trolley also moved the court to recognize that Dr. Smith and Dr. Cash may testify, but only as fact witnesses. The superior court granted the motion in full, finding the disclosures were inadequate under Rule 26.1 because they did not "give any summary of the grounds for any expert opinions," "state any grounds for any of the purported experts' opinions," or "list or provide the[ir] qualifications."

¶6      Despite the preclusion order, Santos listed all 18 treating physicians as witnesses in the parties' joint pretrial statement, and separately noticed the deposition of Dr. Cash and another treating physician, Dr. Ravi Ramanathan. Trolley then moved to strike the testimony of all treating physicians "in light of this Court's prior ruling," and to restrict Dr. Smith and Dr. Cash to fact testimony. Trolley's motion was not decided before trial.

¶7      A jury trial was held in May 2018. After Santos presented her evidence, Trolley moved for judgment as a matter of law. Among other things, Trolley argued that Santos presented no evidence showing the trolley incident caused her alleged injuries, aside from a "self-resolving soft tissue ankle injury." The court granted Trolley's motion "with respect to all of [Santos'] alleged injuries, except the ankle injury." The jury later returned a defense verdict, and Santos appealed following the entry of final judgment. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

I.    **The Court Did Not Abuse Its Discretion by Excluding Santos' Purported Expert Witnesses.**

¶8      Santos first challenges the court's decision to exclude the expert testimony of her treating physicians for inadequate pretrial disclosure. Trial courts have broad discretion in determining whether evidence has been properly disclosed and may be admitted at trial. *Solimeno v. Yonan*, 224 Ariz. 74, 77, ¶ 9 (App. 2010). We review the court's

ruling on motions in limine and exclusion of expert testimony under an abuse of discretion standard. *Warner v. Southwest Desert Images, LLC*, 218 Ariz. 121, 133, ¶ 33 (App. 2008); *State ex rel. Montgomery v. Miller*, 234 Ariz. 289, 297, ¶ 15 (App. 2014).

¶9　　　　Arizona Rules of Civil Procedure require a meaningful pretrial expert witness disclosure comprised of an expert's name, address and qualifications; the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; a summary of the grounds for each opinion; a statement of the compensation to be paid for the expert's work and testimony in the case; and a list of all cases in the past 4 years in which the witness testified as an expert at a hearing or trial. Ariz. R. Civ. P. 26.1(d)(3).

¶10　　　　The court did not abuse its discretion in finding that Santos did not meet her minimum disclosure requirements. Santos only told Trolley that several treating physicians "may . . . testify . . . to a reasonable degree of medical probability that the subject incident caused [her] claimed injuries." She never disclosed the opinions of these treating physicians, the "substance of the facts and opinions" to which they will testify, the grounds for those opinions, how they were reached, what documents and information they reviewed or explained their qualifications.

¶11　　　　We reject any argument that Santos' disclosures were good enough and need not be "overly detailed." The court excluded her expert witnesses because she provided almost no disclosure, not based on an "overly detailed" standard. Santos offered one general, meaningless sentence to describe the potential anticipated testimony of 18 different medical professionals. She never explains who will testify about what, which doctors will address which injuries, and who will tackle causation. *See, e.g.*, *Solimeno*, 224 Ariz. at 78, ¶ 15 (affirming exclusion of expert witness testimony based in part on "extremely general" disclosures).

¶12　　　　Santos next contends the court misapplied the restriction of "one expert per issue" under Rule 26(b)(4)(F)(i). Her threadbare disclosures, however, prevented the court from reaching any other conclusion—she lumped all her witnesses together without explaining who will testify about what. We find no abuse of discretion. *See Felder v. Physiotherapy Associates*, 215 Ariz. 154, 167-68, ¶¶ 66-70 (App. 2007) (trial court ruling about "one expert per issue" rule is reviewed for an abuse of discretion).

¶13         Santos further argues that Trolley ignored the meet-and-confer requirement under Rule 7.2(a).  But Trolley's counsel raised the disclosure issue with Santos' counsel in an email and Santos never responded.  Counsel also discussed the issue at other times.  The court did not abuse its discretion by considering the merits of Trolley's motion.

¶14         And last, Santos argues the court committed reversible error by precluding her treating physicians from testifying about causation, pointing to *State ex rel. Montgomery v. Whitten*, 228 Ariz. 17 (App. 2011).  At issue in *Whitten* was how and when a treating physician should be compensated for providing expert testimony in a criminal prosecution.  *Id.* at 20, ¶ 9.  *Whitten* does not hold that treating physicians may offer undisclosed expert testimony to show causation in civil negligence cases. *Id*. at 22-23, ¶¶ 20, 23 ("Trial judges should . . . be vigilant, and, where necessary, take steps to protect medical fact witnesses from improper incursions into their expertise.  Motions in limine may also be helpful in resolving such matters.").  *Whitten* does not absolve Santos from meeting her disclosure requirements; she never disclosed the substance or grounds of the causation opinions.  We find no abuse of discretion.

## II.    The Court Did Not Err in Granting Judgment as a Matter of Law on Santos' Non-Ankle Injury Claims.

¶15         Santos next maintains she presented enough evidence, independent of the excluded expert testimony, to overcome Trolley's motion for judgment as a matter of law.  We review the grant of a motion for judgment as a matter of law *de novo*, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *Warner*, 218 Ariz. at 130-31, ¶ 25.  The "motion should be granted only if the facts presented in support of a claim have so little probative value that reasonable people could not find for the claimant." *Johnson v. Pankratz*, 196 Ariz. 621, 623, ¶ 4 (App. 2000).

¶16         A negligence claim requires the plaintiff to prove four elements: (1) a duty requiring the defendant to conform to the standard of care, (2) the defendant's breach of that standard, (3) a causal connection between the defendant's conduct and the resulting injury, and (4) actual damages. *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563-64, ¶ 7 (2018).  Trolley conceded it owed a duty of care, and the court found adequate evidence of breach.

¶17         We turn to causation.  "In a cause of action for negligence, plaintiff must show some reasonable connection between defendant's act

or omission and plaintiff's damages or injuries." *Robertson v. Sixpence Inns of America, Inc.*, 163 Ariz. 539, 546 (1990). Actual causation exists if the defendant's act "contributed to the final result and if that result would not have occurred but for the defendant's conduct." *Patterson v. Thunder Pass, Inc.*, 214 Ariz. 435, 438, ¶ 13 (App. 2007). Causation generally presents questions of fact for the jury unless reasonable persons could not conclude that the plaintiff proved this element. *Barrett v. Harris*, 207 Ariz. 374, 378, ¶ 12 (App. 2004). But judgment as a matter of law is appropriate if "plaintiff's evidence does not establish a causal connection, leaving causation to the jury's speculation, or where reasonable persons could not differ on the inference derived from the evidence." *Robertson*, 163 Ariz. at 546.

**¶18** Santos claims she offered enough evidence of causation to defeat Trolley's motion, pointing to her testimony about (1) work history, (2) her prior left knee and hip injuries, which she says "were fully resolved" years before the incident at issue, (3) her claimed right hip, back and foot injuries in this case, and (4) her "post-accident medical changes such as increased medications and 'tremendous' changes to her physical activities." She also contends "[t]he start-up of treatment post-accident along with additional medication could easily have been interpreted by the jury as evidence that [her] accident-related injuries extended beyond her ankle," citing (1) her own testimony that she first saw her treating physicians after the accident, and (2) an earlier Social Security Disability application that she says "disclosed symptoms . . . [that] differ from those associated with the accident." Trolley counters that the jury heard this evidence.

**¶19** But even accepting the evidence as true, Santos never connects her alleged injuries to the trolley incident. *See id.* Indeed, she admitted she did not seek any treatment until more than a week after the incident. *See Ontiveros v. Borak*, 136 Ariz. 500, 504 (1983) (causation element of negligence claim requires "[a] reasonably close causal connection between the conduct and the resulting injury."). And her individual testimony about differences in pain or pain symptoms before and after the incident represents only speculation that the trolley incident caused anything beyond the stipulated-to ankle injury. *See Flowers v. K-Mart Corp.*, 126 Ariz. 495, 499 (App. 1980) (plaintiff's testimony that a crosswalk would have prevented the accident at issue insufficient because he was "not qualified to render such an opinion.").

**¶20** Santos also generally cites the testimony of Rosemarie Nievez, Dr. Cash and Dr. Ramanathan as purported causation evidence. But Nievez only testified that Santos generally complained of pain after the incident; she did not connect any of Santos' particular complaints to the trolley

incident. And while Dr. Cash and Dr. Ramanathan testified about their treatment of Santos, neither offered any testimony about whether any of the issues for which she sought treatment traced back to the trolley incident.

**¶21** Santos also argues the court improperly weighed the credibility of witnesses and resolved conflicts of evidence rather than allow the jury to complete these tasks. This argument misses the mark, however, because the JMOL decision here hinged on the absence of evidence rather than the court's affirmative assessment of evidence.

**¶22** She likewise contends the court erred in excluding Dr. Smith's and Dr. Cash's medical bills, citing the doctors' testimony that their treatments were reasonable and necessary. Whether their treatments were reasonable and necessary to address Santos' claimed injuries does not affect whether those injuries resulted from the trolley incident. With no testimony making that connection, the bills lacked foundation. *See Larsen v. Decker*, 196 Ariz. 239, 243-44, ¶¶ 19-24 (App. 2000) ("To be relevant, . . . the medical records must be linked to the issues in [the] case. If the records and bills do not establish the necessary connection, other evidence may be needed.").

**¶23** We find no reversible error. The court properly concluded that no reasonable juror could have found on Santos' evidence that she established causation. *Barrett v. Harris*, 207 Ariz. 374, 378, ¶ 12 (App. 2004); *see also Purcell v. Zimbelman,* 18 Ariz. App. 75, 82 (1972) (causation requires "probable facts from which . . . causal relations may be reasonably inferred.").

### III. The Court Properly Overruled Santos' Collateral Source Rule Objection.

**¶24** Santos also contends the court erred in admitting her testimony on cross-examination about the liens of her treating physicians against her recovery, citing the collateral source rule. Generally, the collateral source rule bars evidence of payments made or benefits conferred on the injured party from other sources because they are not credited against the tortfeasor's liability. *Lopez v. Safeway Stores, Inc.*, 212 Ariz. 198, 202, ¶ 13 (App. 2006) (quoting *Taylor v. S. Pac. Transp. Co.*, 130 Ariz. 516, 519 (1981)). It aims to "prevent a tortfeasor from deriving any benefit from the compensation or indemnity that an injured party has received from a collateral source," such as insurance. *Id.* at 206, ¶ 25 (quoting *Acuar v. Letourneau*, 531 S.E.2d 316, 322 (Va. 2000)).

**¶25** Here, the only evidence suggesting Santos received benefits or payments from a collateral source is her own testimony elicited by her counsel on redirect. In any event, the fact that some treating physicians agreed to accept payment from her eventual recovery does not implicate the collateral source rule.

## CONCLUSION

**¶26** We affirm. Trolley may recover its taxable costs incurred in this appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA