IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**ROBERTO TORRES, ET AL.,**
*Plaintiffs/Appellees,*

*v.*

**JAI DINING SERVICES (PHOENIX) INC.,**
*Defendant/Appellant.*

---

No. CV-20-0294-PR
Filed November 2, 2021

---

Appeal from the Superior Court in Maricopa County
The Honorable Sherry K. Stephens, Judge (Retired)
No.   CV2016-016688

---

Opinion of the Court of Appeals, Division One
250 Ariz. 147 (App. 2020)
**VACATED AND REMANDED**

---

COUNSEL:

David L. Abney (argued), Ahwatukee Legal Office, P.C., Phoenix; Robert F. Clarke, Clarke Law Offices, Phoenix; and Matthew D. Koglmeier, Koglmeier Law Group, PLC, Mesa, Attorneys for Roberto Torres, et al.

Eric M. Fraser (argued), Joshua D. Bendor, Hayleigh S. Crawford, Osborn Maledon, P.A., Phoenix; and Dominique Barrett, Quintairos, Prieto, Wood & Boyer, P.A., Phoenix, Attorneys for JAI Dining Services (Phoenix) Inc.

Camila Alarcon, Christopher L. Hering, Gammage & Burnham, P.L.C., Phoenix, Attorneys for Amicus Curiae Arizona Restaurant and Hospitality Association

_____

VICE CHIEF JUSTICE TIMMER authored the opinion of the Court, in which CHIEF JUSTICE BRUTINEL, JUSTICES BOLICK, LOPEZ, BEENE, KING, and PELANDER (RETIRED) * joined.

_____

VICE CHIEF JUSTICE TIMMER, opinion of the Court:

¶1　　　After spending an evening drinking and socializing at Jaguars Club in Phoenix, Cesar Aguilera Villanueva drove his truck from the club while intoxicated. He eventually returned home and fell asleep for a short time before getting up to take a friend home. Tragically, Villanueva was still intoxicated, and he smashed his truck into a car that was stopped at a red light, killing Guadalupe Gastelum Suarez and Jesus O. Torres Guillen. The issue here is whether Villanueva's decision to resume driving after reaching home constituted an intervening and superseding cause of Suarez's and Guillen's deaths as a matter of law, thereby relieving the club's owner from liability for overserving alcohol to Villanueva. We hold it was not, and the trial court therefore properly submitted this issue for a jury to decide.

## BACKGROUND

¶2　　　Villanueva spent hours drinking with friends at Jaguars Club and became intoxicated. He was eventually embroiled in a dispute with a club employee and told to leave. After bouncers pushed him out the door around 2:30 a.m. on the day of the accident, Villanueva got into his truck and drove away.

¶3　　　Villanueva drove to his brother's house, where he remained for more than an hour to "chill out for a little bit and sober up." Around 4:00 a.m., a friend used Villanueva's truck to drive Villanueva, his girlfriend, and her friend to Villanueva's house and drop off the truck.

_____

*　　Justice Montgomery is recused from this matter. Pursuant to article 6, section 3 of the Arizona Constitution, Justice John Pelander (Ret.) of the Arizona Supreme Court was designated to sit in this matter.

Once home, Villanueva slept for a short time before his girlfriend woke him, and he agreed to take her friend home.

¶4　　　　The friend drove Villanueva's truck to her house while Villanueva slept in the backseat. After dropping her off, Villanueva resumed driving. Just after 5:00 a.m., he struck Suarez and Guillen's car, killing them. Villanueva was subsequently convicted of two counts of manslaughter, and he is currently serving a lengthy prison sentence.

¶5　　　　Suarez's and Guillen's families sued Villanueva and JAI Dining Services (Phoenix), Inc. ("JAI"), which owns Jaguars Club. The families alleged negligence-based claims against JAI for overserving alcohol to Villanueva. JAI unsuccessfully moved for summary judgment, arguing that Villanueva's decision to drive again after arriving home was an intervening and superseding cause of Suarez's and Guillen's deaths as a matter of law, thereby relieving JAI of liability.

¶6　　　　At the close of Plaintiffs' case during the ensuing jury trial, JAI reasserted its intervening and superseding cause argument in a motion for judgment as a matter of law, which the trial court denied. *See* Ariz. R. Civ. P. 50(a). The court instructed the jury on intervening and superseding cause, and the parties vigorously argued the issue. The jury ultimately returned a verdict in Plaintiffs' favor on their common law negligence claims (Villanueva and JAI) and their dram shop liability claim (JAI), but it found in JAI's favor on Plaintiffs' statutory negligence claim. *See* A.R.S. § 4-311(A). The jury awarded the families $2 million in compensatory damages and apportioned 60% of fault to Villanueva and 40% to JAI. The court subsequently denied JAI's renewed motion for judgment as a matter of law. *See* Ariz. R. Civ. P. 50(b).

¶7　　　　The court of appeals reversed the judgment against JAI, holding the trial court erred by not entering judgment in JAI's favor as a matter of law. *See Torres v. JAI Dining Servs. (Phx.) Inc.*, 250 Ariz. 147, 149 ¶ 2 (App. 2020). The court reasoned that the risk created by a liquor licensee overserving a patron is that the patron "may be unable to return to his or her home or other place of repose safely." *Id.* at 155 ¶ 33. It therefore concluded that once Villanueva had "safely reached his residence, gone to bed, and fallen asleep, with no known compelling reason to leave," his independent decision to leave and drive his truck was an intervening and superseding cause that broke the chain of proximate causation. *Id.* ¶¶ 33–34. Those circumstances, according to the court, "[were] no different

than if he had become intoxicated at home with alcohol purchased at a grocery store." *Id.* ¶ 33.

¶8        We granted review to answer a recurring question of statewide importance in dram shop liability cases: Does an overserved patron's decision to drive while intoxicated after safely reaching home or a similar resting place constitute an intervening and superseding cause that breaks the chain of causation as a matter of law, thus relieving the defendant liquor licensee of liability?

## DISCUSSION

¶9        We review the trial court's ruling on a motion for judgment as a matter of law de novo. *See Glazer v. State*, 237 Ariz. 160, 167 ¶ 29 (2015). JAI was entitled to judgment as a matter of law if, viewing the evidence in the light most favorable to Plaintiffs, reasonable people could not have found in their favor. *Id.* ¶ 28.

¶10        To recover on their common law negligence and dram shop claims, Plaintiffs were required to "prove a duty requiring [JAI] to conform to a standard of care, breach of that duty, a causal connection between breach and injury, and resulting damages." *Ryan v. Napier*, 245 Ariz. 54, 59 ¶ 17 (2018). JAI, as a liquor licensee, had a duty to exercise due care in serving alcohol to Villanueva to protect members of the traveling public from being injured as a result of his intoxication. *See Ontiveros v. Borak*, 136 Ariz. 500, 511 (1983). We are solely concerned here with whether JAI's breach of that duty was causally connected with Suarez's and Guillen's deaths.

¶11        Plaintiffs proved causation if they showed both actual cause and proximate cause, which are ordinarily questions of fact for the jury.[1] *See id.* at 505–06; *Robertson*, 163 Ariz. at 546; *Dupray v. JAI Dining Servs. (Phx.), Inc.*, 245 Ariz. 578, 583–84 ¶¶ 17–18 (App. 2018). "Actual cause," sometimes called "cause in fact," existed if JAI's acts "helped cause the final result," even if "only a little." *Ontiveros*, 136 Ariz. at 505 (citation omitted). The key inquiry is whether Suarez's and Guillen's deaths would not have occurred "but for" JAI's acts. *See id.*

---

[1] Courts have often blended these concepts under the shorthand term "proximate cause." *See, e.g., Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990). Regardless, both must be proven.

¶12 "Proximate cause," sometimes called "legal cause," existed if JAI's acts produced Suarez's and Guillen's deaths "in a natural and continuous sequence, unbroken by any efficient intervening cause." *Robertson*, 163 Ariz. at 546; *see also Ontiveros*, 136 Ariz. at 505–06; *Dupray*, 245 Ariz. at 584 ¶ 17. An intervening cause is an independent cause that occurs between a defendant's negligent conduct and the final harm and is necessary in bringing about that harm. *See Robertson*, 163 Ariz. at 546. It becomes a superseding cause, which relieves the original negligent actor from liability, when "an intervening act of another was unforeseeable by a reasonable person in the position of the original actor *and* when, looking backward, after the event, the intervening act appears extraordinary." *Ontiveros*, 136 Ariz. at 506; *see also Robertson*, 163 Ariz. at 546; *Rossell v. Volkswagen of Am.*, 147 Ariz. 160, 169 (1985).

¶13 JAI does not dispute actual causation. Instead, it argues that Plaintiffs failed to prove proximate cause as a matter of law because Villanueva's decision to resume driving while intoxicated after arriving home and falling asleep was an intervening and superseding cause that broke the natural sequence of events occurring after the club overserved him. Like the court of appeals, JAI asserts that the risk created by a liquor licensee's negligence in overserving alcohol to a patron is only that the intoxicated patron will cause an accident while driving home or to a similar resting place. *See Torres*, 250 Ariz. at 155 ¶ 33. Once the patron safely arrives there, JAI argues, the patron's decision to resume driving can never reasonably be said to fall within the risk created by the liquor licensee's negligent conduct, making that decision unforeseeable and extraordinary in hindsight and a superseding cause as a matter of law. *Id.*

¶14 Plaintiffs take the opposite position, asserting that the risk the patron will cause an accident while driving exists as long as the patron drives while intoxicated, regardless of any temporary stop at home. They therefore argue that an intoxicated patron's decision to resume driving after reaching home is not a superseding cause as a matter of law if the patron drives again while intoxicated.

¶15 Resolution of this issue depends on the scope of the risk in dram shop cases. *See Rossell*, 147 Ariz. at 169 (stating that an intervening cause falling within the scope of the original risk created by the negligent conduct cannot also constitute a superseding cause (citing *Parness v. City of Tempe*, 123 Ariz. 460, 464 (App. 1979))). The risk created by overserving

alcohol to a patron is that the patron will drive while intoxicated and cause an accident that results in injury or death to members of the traveling public. *See Ontiveros*, 136 Ariz. at 506. The injury-producing conduct by the intoxicated patron—driving a vehicle while impaired by alcohol—"is one of the very hazards which make[s] the tavern owner's act negligent." *Id.* Consequently, we have stated it is foreseeable to a liquor licensee that an overserved patron will drive while intoxicated and cause an accident that injures or kills another person. *See id.* ("[T]he consequences of serving liquor to an intoxicated motorist, in light of the universal use of automobiles and the increasing frequency of accidents involving drunk drivers, are foreseeable to a tavern owner." (quoting *Ono v. Applegate*, 612 P.2d 533, 540–41 (Haw. 1980))).

¶16 Neither JAI nor the court of appeals cite any authority for limiting the scope of risk in dram shop cases to the patron's drive from the liquor licensee's venue to the patron's home or similar resting place, and we are not aware of any. *See Torres*, 250 Ariz. at 154 ¶ 25 (citing an unpublished court of appeals' decision that offers no authority for its conclusion). The foreseeable risk that an intoxicated patron might drive and cause an accident that injures or kills someone does not vanish solely because the patron initially returns home with the intent to sleep, eat, change clothes, or do myriad other things before deciding to leave home and resume driving. Intoxicated people frequently make foolhardy decisions, including refusing to stay put and sober up before getting behind the wheel. We agree with Plaintiffs that the risk created by a liquor licensee overserving a patron exists as long as the patron drives while intoxicated, regardless of when or where the patron travels and even with a short stop at home. *See Ontiveros*, 136 Ariz. at 507 (identifying the risk as the drunk patron's "subsequent driving of a vehicle" without limiting that risk to merely driving home or to some other place of rest); Restatement (Second) of Torts § 449 (Am. Law Inst. 1965) ("If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby.").

¶17 Refusing to adopt JAI's narrower view of the scope of risk in dram shop cases does not impose "potentially never-ending liability" on liquor licensees, as JAI asserts. First, in all cases the risk of liability ends when the patron sobers up. Thus, the risk of liability correlates directly to the degree in which the liquor licensee overserves the patron. Second,

there are cases in which the patron's decision to resume driving after reaching home is unforeseeable and extraordinary in hindsight, making the patron's act a superseding cause that relieves the liquor licensee from liability. In most cases, a jury as factfinder must decide that issue. *See Robertson*, 163 Ariz. at 546. In other cases, however, the issue may be a legal one. *See, e.g.*, *Patterson v. Thunder Pass, Inc.*, 214 Ariz. 435, 440 ¶ 19 (App. 2007) (holding that after a tavern employee took an intoxicated patron home and left her car in the tavern parking lot, the patron's decision to walk back to retrieve her car and then drive was unforeseeable and extraordinary and therefore a superseding cause as a matter of law).

**¶18**		Turning to the case here, the trial court properly declined to enter judgment as a matter of law for JAI. A reasonable person in the club's position could have foreseen that Villanueva would drive while intoxicated, cause an accident, and injure someone, so long as he remained intoxicated. *See Ontiveros*, 136 Ariz. at 506. Unlike the situation in *Patterson*, club personnel did not separate Villanueva from his truck or ensure his safe transportation home. *See Patterson*, 214 Ariz. at 440 ¶ 19. They knew only that he drove from the club after being escorted out. Nothing in the record suggests they knew where he was heading or how long he would be on the road while intoxicated. *See Dupray*, 245 Ariz. at 584–85 ¶ 21 (distinguishing *Patterson* on this basis). Thus, a jury could have reasonably concluded that Villanueva's act in driving while intoxicated, even after he reached home, although an intervening cause of the accident, was nevertheless foreseeable by someone in the club's position and not extraordinary in hindsight. *See Ontiveros*, 136 Ariz. at 506. The trial court properly submitted this issue to the jury.

**¶19**		JAI and amicus ask us to decide whether Plaintiffs' negligence and common law dram shop claims have been preempted by A.R.S. § 4-312(B). We decline to do so. We did not grant review of this issue, and therefore Plaintiffs did not address preemption in their simultaneously filed supplemental brief. Similarly, other parties interested in this significant issue have not been notified of the opportunity to submit amicus briefs. Also, JAI did not raise this issue to the trial court, although it did argue it before the court of appeals. That court should decide in the first instance whether an exception to the waiver doctrine is warranted and, if so, what the proper disposition on the merits should be.

## CONCLUSION

**¶20** For the foregoing reasons, we vacate the court of appeals' opinion. We remand the case to the court of appeals to consider other issues raised by JAI on appeal but not addressed by that court.