NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARY FLORENE COLGAN, *Plaintiff/Appellant*,

*v.*

CIRCLE K STORES, INC., *Defendant/Appellee*.

No. 1 CA-CV 21-0495
FILED 5-24-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-053775
The Honorable Sally Schneider Duncan, Judge

**VACATED AND REMANDED**

COUNSEL

The Maerowitz Law Firm, LLC, Phoenix
By Matthew Maerowitz
*Counsel for Plaintiff/Appellant*

The Sorenson Law Firm, LLC, Tempe
By Wade R. Causey
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

_____

**T H U M M A**, Judge:

¶1            Plaintiff Mary Florene Colgan appeals the superior court's entry of summary judgment for defendant Circle K Stores, Inc., on her negligence and premises liability claims. Because there are disputed issues of material fact, summary judgment is vacated and this matter is remanded for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

¶2            In August 2019, after paying for gas inside a Circle K in Peoria, Colgan walked back to her car parked at Pump 4. As she walked past Pump 2, she fell and hit her head and shoulder on the pavement. Colgan was 79-years old at the time. After being taken by an ambulance to an emergency room immediately following the accident, Colgan told medical personnel that "she was walking towards her car at the gas station when she tripped on elevated pavement." At her deposition more than a year later, Colgan had a less specific recollection, and could not recall exactly where she fell. She testified that "I was walking pretty fast back to the car . . . I got about halfway there – and I don't remember the fall, because it happened so quick. I'm walking and the next thing I knew my head hit the pavement." When asked if she could identify where she tripped if she went back to the Circle K, Colgan testified she could narrow it down to "certainly within a foot or two," or "within a foot," of where she tripped.

¶3            A few days after her fall, Colgan and her daughter returned to the Circle K. They saw that a concrete expansion joint near where she fell was a different height than the adjoining concrete, creating a potential trip hazard. Although the incident was captured by a Circle K security camera, the video was not preserved. The Circle K store manager, however, reviewed the video the day of Colgan's fall. The store manager later testified he saw the "video of her walking toward her car, back to her car," but apparently did not recall any other details of the discarded video of the incident. Still images from the video that Circle K retained show Colgan on the ground after the fall, as well as the general location of the fall.

**¶4**   Colgan retained an architectural expert, who investigated the location and reported that, although originally complying with building codes, the concrete between Pump 2 and Pump 4 had later "lifted" at an expansion joint. This lifting resulted in an uneven surface that violated building codes, "which require maintaining the property in its original safe condition, free from hazardous conditions." The expert opined that Circle K failed to properly maintain the location, which "allowed the existence of a hazardous, non-compliant walk/drive surface which exceeded the maximum allowed vertical displacement by over 300% (1/4" vs. 7/8")."

**¶5**   Colgan sued Circle K in June 2020, alleging negligence and premises liability resulting in "multiple serious and disabling injuries and damages." Colgan claims Circle K breached its duty to her as a business invitee by failing to repair or warn her about the uneven concrete surface where she tripped. After taking Colgan's deposition, but before the close of discovery, Circle K moved for summary judgment, arguing, as relevant here, that there was insufficient evidence to prove causation. Among other things, Circle K highlighted plaintiff's deposition testimony that she did not remember tripping and was not sure of the exact location of the fall.

**¶6**   Colgan's opposition relied on evidence, including her statements to medical personnel in the emergency room just after her fall, that she tripped on the elevated concrete. Colgan argued that "*any* evidence or reasonable inference" that she "tripped on elevate concrete," which Colgan argued she had provided, defeated summary judgment.

**¶7**   After full briefing and oral argument, the court granted the motion for summary judgment, stating "I agree there was a fall, but there's no evidence that the allegedly unreasonably dangerous condition caused the fall, and you can't do it through supposition or speculation." The court denied Colgan's motion for reconsideration, and after entry of final judgment, Colgan timely filed this appeal. This court has jurisdiction over Colgan's appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101 (2022).[1]

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

**¶8**        Colgan argues summary judgment was improper because evidence would allow a reasonable jury to infer that she tripped on the raised concrete. Circle K responds that summary judgment was proper because Colgan cannot show any evidence that the "allegedly dangerous condition" on the premises caused her fall.

**¶9**        This court reviews the entry of summary judgment de novo, "viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion," *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003), to determine "whether any genuine issues of material fact exist," *Brookover v. Roberts Enters. Inc.*, 215 Ariz. 52, 55 ¶ 8 (App. 2007). Summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the superior court judge "is to apply the same standards as used for a directed verdict." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). In doing so, the court "must view the evidence in the light most favorable to the plaintiff, who is given the benefit of all favorable inferences that may reasonably be drawn from the evidence." *Walker v. Montgomery Ward & Co.*, 20 Ariz. App. 255, 257 (App. 1973).

**¶10**        For an Arizona common law negligence claim, a plaintiff must plead and prove (1) a duty defendant owes to plaintiff; (2) defendant's breach of that duty; (3) cause in fact; (4) legal cause and (5) actual damages. *Alcombrack v. Ciccarelli*, 238 Ariz. 538, 540 ¶ 6 (App. 2015) (citing cases); *see also Quiroz v. Alcoa*, 243 Ariz. 560, 563-64 ¶ 7 (citing cases). Although the existence of a duty is a question of law for the court, the remaining "elements are generally issues of fact decided by a jury." *Patterson v. Thunder Pass, Inc.*, 214 Ariz. 435, 437-38 ¶ 10 (App. 2007).

**¶11**        Circle K does not dispute that it had an obligation to keep the premises reasonably safe for invitees. *See Preuss v. Sambo's of Ariz. Inc.*, 130 Ariz. 288, 289 (1981) ("The law is clear in Arizona that the proprietor of a business is under an affirmative duty to make the premises reasonably safe for use by invitees; however, he is not an insurer of their safety and is not required to keep the premises absolutely safe."). Thus, whether Circle K owed Colgan a duty is not disputed.

¶12        Circle K argues that Colgan has not provided sufficient evidence about the specific location of her fall. In opposing Circle K's motion for summary judgment, Colgan supplied the superior court with her expert's opinion, still images of the general area of her fall, images of the vertical displacement and her medical records stating that she tripped on elevated pavement. Colgan asserts, with supporting evidence, that the elevated concrete caused her fall, while Circle K disputes that evidence. Colgan's expert stated that any area of the expansion joints where the vertical displacement exceeds one-quarter of an inch is a hazardous condition under applicable codes. The pictures of Colgan on the ground show the general area where she fell, and Circle K's manager testified that he watched the video of her walking back to her car at Pump 4. Moreover, the approximate location of the fall is where Colgan's expert found the hazardous vertical displacement.

¶13        Citing Colgan's deposition taken more than a year after the fall, Circle K argues she has no memory of her fall, and she does not remember noticing anything that caused her fall at the time. According to Circle K, Colgan failed to present evidence that an unreasonably dangerous condition caused her to fall. But that argument does not account for Colgan's statements to medical personnel the same day as her fall or the still images showing where she fell. Where disputed issues of material fact exist, causation is for the jury, not the court, to decide. *See Patterson*, 214 Ariz. at 437-38 ¶ 10.

¶14        Citing *Farm-Aero Serv. Inc. v. Henning Produce, Inc.*, 23 Ariz. App. 238 (1975), Colgan argues that "all that is necessary is evidence that the hazard exists in the general area where the damage occurs for a jury to reasonably infer that the hazard caused the damage." Other evidence supports the inference that Colgan tripped on the uneven concrete, including the expert's measurements and diagrams and the images of Colgan's location after her fall.

¶15        Noting Colgan argues evidence shows she merely "tripped in the 'same area' as the concrete expansion joints," Circle K argues that Arizona does not recognize a cause of action based on Plaintiff's "same area" theory. Thus, Circle K argues, Colgan failed to directly link her fall to the uneven concrete. Circle K, however, has provided no authority for the proposition that, in a trip and fall case, the plaintiff is required to identify more precisely than "within a foot" of where the trip occurred. *Cf. Mohave Elec. Co-op, Inc. v. Byers*, 189 Ariz. 292, 305 (App. 1997) ("[Appellee] does not cite nor can we find any authority requiring a litigant to prove its entire case to defeat a motion for summary judgment."). When conflicting evidence

supports competing inferences for causation, a jury determination is necessary. "The jury is given the most deference in weighing evidence, drawing inferences, and reaching conclusions on questions of negligence, causation, and damages." *Orme Sch.*, 166 Ariz. at 310.

**¶16** Circle K argues Colgan's emergency room statement that "she was walking towards her car" at the gas station when she tripped on elevated pavement is "immaterial." In doing so, Circle K argues the statement "does not provide any evidence" that Colgan "tripped over a vertically displaced concrete expansion joint considered an unreasonably dangerous condition by her expert." This argument improperly seeks to construe the evidence in a light most favorable to movant Circle K, something Arizona law does not permit. *See Walker*, 20 Ariz. App. at 257. Similarly, the fact that Colgan, in her deposition taken more than a year after her fall, stated that she could not recall precisely how she fell does not mean that her emergency room statements from the day of her fall are inadmissible.

**¶17** In the superior court, Circle K sought to object to the admissibility of Colgan's emergency room statement on hearsay grounds. The superior court, however, did not exclude that evidence when resolving Circle K's motion for summary judgment. As a result, those statements properly are a part of the record here. *See Birnstihl v. Birnstihl*, 243 Ariz. 488, 590 ¶ 4 (App. 2018) (noting a request not ruled on by the superior court is "deemed denied") (citing cases). As a result, those statements properly were part of the record considered by the superior court.

**¶18** Circle K cites *Matts v. City of Phoenix*, arguing that "[t]he court must not permit the jury to draw speculative inferences that are not based on probative facts." 137 Ariz. 116, 119 (App. 1983). Unlike *Matts*, however, on the record presented here, sufficient disputed facts could allow a jury to find that Colgan tripped on the elevated concrete. Given these disputed issues of material fact, summary judgment was not appropriate.

**CONCLUSION**

**¶19**        Because there are disputed issues of material fact, the grant of summary judgment is vacated and this matter is remanded for further proceedings.



AMY M. WOOD • Clerk of the Court
FILED:   AA